R. M. HENRY v. R. H. CANNON.

*Judge's Discretion—Pleading.*

Allowing or refusing amendments to pleading is a discretionary matter and not reviewable on appeal.

(*Johnson* v. *Rowland*, 80 N. C., 1 ; *Austin* v. *Clark*, 70 N. C., 458 ; *Hinton* v. *Deans*, 75 N. C., 18 ; *State* v. *Lamon*, 3 Hawks, 175 ; *Cannon* v. *Beeman*, 3 Dev., 463; *Bright* v. *Sugg*, 4 Dev., 492 ; *Phillipse* v. *Higdon*, Busb., 380 ; *Ingram* v. *McMorris*, 2 Jones, 450 ; *Henderson* v. *Graham*, 84 N. C., 496, cited and approved.

MOTION to amend an answer, heard at Fall Term, 1881, of MACON Superior Court, before *McKoy, J.*

The original complaint and answer were filed at spring term, 1873. At fall term, 1881, the defendant moved for leave of the court to amend his answer by adding the following plea : "That the claim or pretended claim of the plaintiff, upon which the action was brought, accrued more than three years before the bringing of his suit, and is barred by the statute of limitations."

It appeared that a similar motion had been made and refused at a former term of the court, and His Honor refused to allow the amendment, from which ruling the defendant appealed.

*Mr. G. M. Smedes,* for plaintiff.
No counsel for defendant.

ASHE, J. We had supposed that questions like that presented in this record for our consideration had been too well settled by repeated adjudications to be the subject of appeal at this day. But as the case has been brought before us, we proceed to cite some of the cases in which the question has been decided, lest by the omission to do so we might be thought wanting in respect to the member of the profession

who took the appeal. In *Johnson* v. *Rowland*, 80 N. C., 1, which was an application to the court by the defendant to be allowed to file the plea of set-off or counterclaim at the trial, the court held that the reception of the plea was a matter addressed to the discretion of the court, and not matter of absolute right in the defendant. Defendant having failed to make his defence in the justice's court, he could do so only at the discretion of the judge in the appellate court, and the rejection or reception of the plea was altogether a matter of discretion which this court could not review.

And again in *Austin* v. *Clark*, 70 N. C., 458, BYNUM, J., speaking for the court, said: "The C. C. P. invests the court with ample powers in all questions of practice and procedure both as to amendments and continuances, to be exercised at the discretion of the judge presiding, who is presumed best to know what orders and what indulgence will promote the ends of justice in each particular case. With the exercise of this discretion we cannot interfere, and it is not the subject of the appeal." C. C. P., § 133; *Hinton* v. *Deans*, 75 N. C., 18; *State* v. *Lamon*, 3 Hawks, 175; *Cannon* v. *Beeman*, 3 Dev., 463; *Bright* v. *Sugg*, 4 Dev., 492; *Phillipse* v. *Higdon*, Busb., 380; *Ingram* v. *McMorris*, 2 Jones, 450; *Henderson* v. *Graham*, 84 N. C., 496; *Gilchrist* v. *Kitchen*, *ante*, 20.

We have cited all of these authorities upon the discretionary power of the courts in allowing or refusing amendments, hoping it may now be considered a "settled question."

There is no error. The case is not reviewable in this court, and the appeal must be dismissed.

No error.                                   Affirmed.