In WIGGINS v. McCOY, from Lenoir :

*Amendments—Appeal.*

'The motions of defendant in this case involve matters addressed to the
discretion of the court, with regard to amendments, and the rulings
thereon are not the subject of appeal.

ASHE, J.  The action was brought on a bond, and at the
trial before the justice, the plaintiff filed said bond and an
affidavit that it was given for the purchase money of land
described in the affidavit.

The justice gave judgment for the plaintiff, and found as
a fact that the bond was given for the purchase money of
the land, and from this judgment the defendant appealed.

The return by the justice of the appeal to the superior
court shows that the defendant admitted the execution of
the bond, and put in no answer to the allegation in plain-
tiff's affidavit that the bond was given for the purchase
money of land.

The return by the justice was made to spring term, 1881,
of the superior court, and no answer was ever filed by the
defendant to plaintiff's complaint.

On the first day of the court to which the return was
made, the defendant's counsel moved the court to allow the
defendant to file an answer denying that the bond was given
for the purchase money of land.  The motion was refused
by the court, and the case was set for trial in the calendar
for the following Friday, and when called up for trial on
that day, the defendant's counsel renewed his motion to be
allowed to file an answer, and read in support of said mo-
tion an affidavit of the justice who tried the action, which
was to the effect that the defendant had, in an oral answer
to the action on trial before him, denied that the bond sued
on was given for land.

The defendant also moved the court to allow the justice to amend his return, and insisted that if allowed to set up his defence, he could show that the bond was not given for land, but for money borrowed to buy land.

The motions were all refused by the court and judgment was given for the plaintiff, and the defendant excepted.

Afterwards, and on the last day of the term, the defendant's counsel moved to set aside the judgment and re-open the case, on the ground that the court ought to have considered the foregoing affidavit of the justice as a substituted return of the justice. But the court finding as a fact that the affidavit of the justice was not offered, at the trial, as the justice's return, but to support the motions as above set forth, refused the motion and the defendant excepted and appealed.

All the motions made by the defendant's counsel on the trial in the superior court were matters addressed to the discretion of the court, which are not reviewable, and adds another case to the long catalogue of adjudications upon the discretionary powers of the court with regard to amendments, &c. *Henry* v. *Cannon,* 86 N. C., 24, and cases there cited.

The motion made after judgment was for a new trial, and as the fact was found by the court that the affidavit of the justice was not offered at the trial as the justice's return, but to support the motions for leave to answer, &c, that was also a matter of discretion, and the refusal to sustain the motion was no such error as entitled the defendant to a *venire de novo,* and therefore no ground for an appeal. *State Bank* v. *Hunter,* 1 Dev., 100 ; *Reed* v. *Moore,* 3 Ired., 310 ; *Hinton* v. *Deans,* 75 N. C., 18.

There is no error. The judgment must be affirmed.

No error.    Affirmed.