R. J. GILL, Adm'r, and others v. D. E. YOUNG and others.

*Amendment of Pleading.*

Where pleadings are amended by permitting a defendant to make a case against his co-defendants, involving a change of the subject matter of the original suit, it amounts to bringing a new action on his part, and the defendants cannot be restricted in their pleas, but may set up any legal defence, as a matter of right.

(*Christmas* v. *Mitchell,* 3 Ired. Eq., 535; *Cogdell* v. *Exum,* 69 N. C., 464; *Henderson* v. *Graham,* 84 N. C., 496, cited and approved).

CIVIL ACTION tried at Fall Term, 1882, of GRANVILLE Superior Court, before *Graves, J.*

This suit was begun on October 1, 1877, by plaintiffs, creditors of William H. Hughes, against the defendants, D. E. and I. J. Young, for an account of certain real estate conveyed to them by the debtor in a deed absolute in form, but alleged to be upon a parol trust to provide for the payment of certain notes due the plaintiff, Hights, and the intestate of the co-plaintiff, Gill, and also to the Bank of Cape Fear, in which the defendant, D. E. Young, was one of several sureties, and for his personal indemnity.

The plaintiffs also ask to have adjustments, had with the said D. E. Young, in which they respectfully surrendered to him their evidences of the debts, set aside, and each restored to his full right to enforce the same, upon the ground of misrepresentation and fraud, by which they were induced to enter into the settlements of their several claims, offering to return what each had received or to account for the full value of what cannot be returned.

The defendants deny the personal imputations of fraud and the allegations of any trust in connection with the conveyance of the lot in question, averring that the deed was made, in form and in fact, an absolute conveyance, the consideration of which

was the assumption by the defendants of the indebtedness due by Hughes to the bank, of the scaled value of two thousand dollars, as their own, and the exoneration of the said Hughes therefrom, which debts have been fully discharged.

The grantor, becoming a party defendant in the cause, also answers, affirming the purposes of his said deed to be as set out in the complaint, except that in the trust were included and provided for all debts to whomsoever due by him, and to which the other defendants, both or either one, were sureties, and for their full indemnification.

In this state of the pleadings, numerous issues were submitted to the jury, most of them in reference to the settlements in which the notes held by the plaintiffs were given up, and it is only necessary to advert to the two, which relate to the character and objects of the deed:

1. Was the deed, dated June 2, 1866, made by W. H. Hughes to D. E. and I. J. Young, purporting to convey a house and lot in Henderson, made upon a trust to secure the payment of the debts due from Hughes, with D. E. Young as surety, to Robert Gill and W. H. Hights, and other debts of Hughes, to which D. E. and I. J. Young were sureties?   Ans.—No.

2. Did the plaintiffs have knowledge of the alleged secret trust more than three years before the bringing their suit, or the means of knowing it on reasonable inquiry?   Ans.—There was no trust.

Upon the rendition of the verdict upon these and upon all the other issues, unfavorable to the plaintiffs, the court gave judgment for defendants, D. E. and I. J. Young, against the plaintiffs, retaining the cause as involving a controversy between Hughes and the other defendants—entertained without acting upon a motion of the former for an account, and gave him leave to amend his pleading and substitute a complaint, as in an adversary action, against the defendants, D. E. and I. J. Young, for an account of the alleged trust fund, on his entering into bond with surety in the sum of two hundred dollars, with

condition for the payment of costs which they may recover by reason of his failure to prosecute his action with success.

Thereupon, the said I. J. Young filed an affidavit, based on a writing exhibited and used as evidence on the trial, in which, his memory being revived, he corrects some of the statements contained in his answer in relation to the transaction.   The writing is made part of the affidavit, and is a penal bond in the sum of four thousand dollars, executed by himself and the said D. E. Young, his father, to said Hughes, with condition to be void if they shall pay off the debt due by him to the Bank of Cape Fear, estimated to be, when scaled, some two thousand dollars, and relieve and exonerate said Hughes from his liability.

Upon this affidavit, these defendants ask leave to amend their answer and to put in their defence to the case to be made in the proposed substituted complaint of Hughes, and the court assented thereto, as to all matters of defence set up in the affidavit, but refused to allow any defence arising out of the statute of limitations or the statutory presumption raised from lapse of time.

From this ruling, whereby the defendants are restricted as to their defence and not left at liberty to put in all allowed by law, they appealed..

*Messrs. Merrimon & Fuller* and *J. J. Davis,* for plaintiffs.
*Mr. D. G. Fowle,* for defendants. ·

SMITH, C. J., after stating the facts.   The finding of the jury, to which we have adverted, that there was no unwritten trust or agreement attaching to and following the transferred estate in the lot, with the accompanying and sustaining covenant obligation entered into by the grantees, would seem to have effectively disposed of the subject matter of litigation and conclusively to establish the fact that they are only liable to that undertaking to pay off and discharge the debt, as if they were principals therein, as between themselves and Hughes.   But, as the cause has progressed beyond that point, and the grantor, Hughes, has permis-

GILL *v.* YOUNG.

sion to change his relations towards the other defendants and by an amendment make himself a party plaintiff, and set out a cause of action against them (the judgment rendered retiring the original plaintiffs from the cause), it is not only reasonable and proper, but it is the right of these defendants in resisting the claim to set up any and all legal defences that would be open to them if the suit were now commenced; and a ruling which permits the one and refuses the other, is a clear denial of a right, and not the exercise of a discretionary power residing in the judge and beyond correction.

It is in form an amendment, but the starting point of an action wholly different and involving a change of the subject matter of controversy; and if this is admissible, it must be attended with the consequences of an action then in fact first begun, and remitting the defendants to the same right of defence.

Amendments are not allowed when the effect is to deprive the other party of his available defences to a new action.   *Christmas* v. *Mitchell*, 3 Ired. Eq., 535; *Cogdell* v. *Exum*, 69 N. C., 464; *Henderson* v. *Graham*, 84 N. C., 496.

We do not modify the repeated rulings of this court, that amendments to the pleadings rest in the breast of the presiding judge, and his allowing or refusing them is an exercise of his discretion not reviewable by us.   But under the form of amending, when a new cause of action is permitted to be inserted, and the complaint contains matter to which a former was not and could not be responsive, the new defendant cannot be denied his right to put in an answer responsive to the new case made in the complaint, and to set up therein any legal defences that he may possess.   The one ruling involves the other.

Error.                                        Reversed.