H. R. BROOKS and others v. Z. T. BROOKS and others.

*Amendment of Pleadings—Ejectment—Right to open and conclude.*

1. An amendment of pleading is ordinarily left to the discretion of the presiding judge; but where it is of such nature as renders a corresponding amendment necessary on the part of the adverse party, a refusal to allow the latter is appealable.

2. Where a motion to amend an answer is disallowed, the defendant cannot avoid the binding effect of the answer by a disclaimer *ore tenus* of the defence set up; and the facts therein stated are legal evidence against him.

3. The parties admitted on the trial of this case that there was no controversy as to the location of the land in dispute, and they are bound by the admission.

4. The practice in reference to opening and concluding the argument before the jury, is regulated by a rule of the superior court (89 N. C., 609, rule 6), and the decision of the judge is not reviewable on appeal.

(*Dobson* v. *Chambers*, 78 N. C., 334; *Henry* v. *Cannon*, 86 N. C., 24; *Wiggins* v. *McCoy*, 87 N. C., 499; *Gill* v. *Young*, 88 N. C., 58; *Adams* v. *Utley*, 87 N. C., 356; *Guy* v. *Manuel*, 89 N. C., 83; *Churchill* v. *Lee*, 77 N. C., 341, cited and approved).

EJECTMENT tried at Fall Term, 1883, of PERSON Superior Court, before *MacRae, J.*

Both the plaintiffs and defendants claim to derive title from Larkin Brooks, deceased. The plaintiffs are the heirs-at-law of David Brooks, and the defendants are the heirs-at-law of the said Larkin Brooks.

On the trial the plaintiffs put in evidence a deed from Larkin Brooks and his wife to David Brooks, dated July 22d, 1873.

The defendants denied the validity of this deed upon the ground that their ancestor Larkin Brooks was insane, and had not sufficient mental capacity at the time he signed this deed to execute such an instrument. Numerous witnesses were examined before the jury in respect to his mental capacity, and this was the principal question at issue.

The defendants Z. T. Brooks and Larkin Brooks, Jr., set up in their answer, as a matter of special defense, that David Brooks, the ancestor of the plaintiffs, had in his life-time contracted in writing to sell to each of them a part of the land in dispute.

The plaintiffs read the answer of these defendants in reference to such special defence, as an estoppel upon them. They then moved the court for leave to amend their answer by striking out so much thereof as referred to such contract of purchase and as embraced such special defense. The court refused to allow the motion to amend and the defendants excepted. No testimony was introduced by the defendants in support of said special defense.

The last named defendants then moved the court to allow them to enter a *disclaimer* of all title and claim to the land in controversy derived from David Brooks. This motion was also denied by the court. They then prayed the court to charge the jury that they disclaimed and abandoned all claim under David Brooks. The court declined to grant the prayer, and they again excepted. They then requested the court to instruct the jury that the plaintiffs had introduced no evidence as to the location of the land mentioned in the complaint. The court declined to grant the prayer, because it was admitted by counsel on both sides at the beginning of the trial, that both plaintiffs and de-

fendants claimed under Larkin Brooks, and that there was no controversy as to the location of the land, and that as the defendants' counsel had stated that they would introduce no testimony in support of the third defense of the answer, the only questions for the jury were, the mental condition of Larkin Brooks at the time he executed the deed to David Brooks, and the rental value of the land on the question of damages; and further, because one Ruffin R. Woody, the first witness introduced by plaintiffs, had testified "that he was well acquainted with the lands described in the deed from Larkin Brooks to David Brooks, and as to the value of the same; that they were known as the home place and the Mayo tract; that Larkin Brooks was in possession at the execution of the deed; that he remained in possession up to his death, and his heirs have been in possession ever since his death." The defendants excepted.

The counsel for the defendants insisted upon his right to close the argument to the jury. The court held otherwise, and the defendants again excepted, and appealed from the judgment.

*Messrs. Graham & Ruffin,* for plaintiffs.
*Mr. L. C. Edwards,* for defendants.

MERRIMON, J. It is within the discretion of the court to allow or disallow a proposed amendment of the pleadings, either before or on the trial of an action, and the exercise of such discretion is not reviewable in this court. *Dobson* v. *Chambers,* 78 N. C., 334; *Henry* v. *Cannon,* 86 N. C., 24; *Wiggins* v. *McCoy,* 87 N. C., 499; *Gill* v. *Young,* 88 N. C., 58.

There are cases, however, where the amendment allowed may create a right in the adverse party to be allowed to make corresponding amendments or put in additional pleadings rendered necessary by the amendments first allowed. In such cases, if the court should disallow a proper application to amend, the action of the court would be reviewable here. *Gill* v. *Young,* *supra.*

Parties are bound by their pleadings, and declarations of fact made therein are evidence against them in any proper case. The court having refused to allow Z. T. Brooks and Larkin Brooks, defendants, to amend their answer by withdrawing so much thereof as raised the special defense, it remained as though they had not made the motion to amend, and they were bound by it for all the purposes of such a pleading, and the facts therein stated were competent as evidence against them, like declarations made by them on any occasion. As evidence, they were to be taken for what they were worth, subject to any proper explanation the parties making them could give. Nor could the defendants avoid the binding effect of their answers by an attempt to disclaim *ore tenus* that they claimed under David Brooks. They were bound by their answer as it appeared in the record according to its legal effect, and, besides, it was legal evidence against them. It was their folly to plead inconsistent defenses. The court, therefore, properly refused to instruct the jury that the defendants had disclaimed and abandoned all claims under David Brooks. *Adams* v. *Utley*, 87 N. C., 356; *Guy* v. *Manuel*, 89 N. C., 83.

It very plainly appears that the principal question in contest on the trial was as to the mental capacity of Larkin Brooks, the elder. It was admitted by the counsel on both sides, in the presence of the court, that both the plaintiffs and defendants claimed the land described in the complaint, and there was no controversy as to its location. Such admissions are binding upon the parties and their counsel, and when distinctly made, the court may justly enforce them in the progress of the trial. Besides, a witness testified that he knew and was well acquainted with the land mentiond; that part of it was called the "home place" and the other part the "Mayo tract." Two of the defendants allege in their answer that they respectively purchased the land so designated from the ancestor of the plaintiffs. The court properly and justly refused to instruct the jury that there was no evidence as to the location of the land. There was evidence pointing out

the location, and besides, it appears from the conduct of the trial, the admissions and declarations of counsel, that there was no real contest about its location. If the defendants intended to make a contest as to that, they ought in common fairness to have said so; at all events, they should not have so demeaned themselves as to mislead the plaintiffs. The utmost fairness ought to be observed in all judicial proceedings, and especially in the conduct of trials.

Apart from this case, it is a sad mistake to suppose that the practice of the law is a game of hazard, to be won by shift, subterfuge, deception and dissembling. On the contrary, the law requires of those who practice in its courts the strictest and most delicate observance of candor, truth, integrity, justice and fair dealing in the conduct of all legal proceedings, in and out of court. There could scarcely be a greater reproach to a well-bred lawyer, than to say of him truly that he had gained his case by trick and circumvention!

The plaintiffs alleged in their complaint that they had title to the land in question, and the defendants having broadly denied this leading and material allegation, the burden of proving it rested on the plaintiffs. Both parties having introduced evidence, the rule of practice, settled by many decisions, gave the plaintiffs the right to close the argument to the jury. *Churchill* v. *Lee*, 77 N. C., 341; Clark's Code, 210.

How the argument of causes shall be conducted and the order of argument is a matter of practice, and is now regulated by a rule of practice in the superior courts, and rests in the discretion of the court. Its exercise of discretion is not reviewable in this court. See rule 6, 89 N. C., 609.

There is no error in the ruling of the court below, and its judgment must be affirmed.

No error.                                        Affirmed.