C. AUSTIN v. S. M. SECREST.

*Rule regulating the right to open and conclude—Discretionary Power—Evidence, production of papers—Judgment in Claim and Delivery.*

1. Rule 6 (89 N. C., 609) regulating the practice in the superior courts, commits the order of argument—and this embraces the matter of introducing evidence—to the discretion of the presiding judge, whose decision is not reviewable on appeal.

2. The production of papers containing evidence relating to the merits of an action will be ordered by the court; and when produced, they are competent evidence for all legitimate purposes.

3. Where claim and delivery is brought to get possession of property for the purpose of selling it, according to the terms of a contract, to pay an indebtedness, and all parties interested are before the court and the amount due ascertained, the plaintiff upon recovering holds as a trustee, and a judgment, directing an adjustment of all the equities involved in order that the matter may be determined, is the proper one to be rendered; and if possession of the property cannot be had, then the judgment should be in the alternative.

(*Com'rs* v. *Lemly*, 85 N. C., 341; *McLeod* v. *Bullard*, 84 N. C., 515; *Cotten* v. *Willoughby*, 83 N. C., 75, cited and approved."

CIVIL ATION, tried upon exceptions to a referee's report, at August Special Term, 1884, of UNION Superior Court, before *MacRae, J.*

The defendant appealed from the ruling and judgment of the court below.

*Messrs. Payne & Vann,* for plaintiff.
*Messrs. Covington & Adams,* for defendant.

SMITH, C. J. The parties to this action on the 16th day of September, 1879, entered into an agreement under seal, whereby the plaintiff sold to the defendant a steam saw mill, with its fixtures, and certain other enumerated property, for the sum of twenty-six hundred dollars, to be paid in lumber to be delivered at the site of the mill, and thereupon the latter executed his thirteen several promissory notes, each in the sum of two hundred dollars, payable successively on the same day of the months following, the last falling due in October of the next year.

The title to the property was to remain in the plaintiff until all the purchase money was paid, while the defendant was to have possession in order that the lumber might be

sawed and delivered; and the covenant contains also a clause that on the defendant's failure to pay any of the notes as they become due, the plaintiff may enter upon the premises and take possession of the property and proceed to advertise and dispose of the same at public sale for cash, applying so much of the moneys thence arising as may be required in discharge of such of the notes as · were over-due, and retaining of the residue a sum sufficient to meet the others as they may mature.

The defendant accordingly took possession of the property, and has delivered large quantities of lumber to the plain-tiff at various times, sufficient, as he alleges, to pay off all the notes; while the plaintiff insists that he has not, and accordingly institutes this suit, on the 13th day of June, 1882, under the provisions of the Code of Civil Procedure, chapter 111, sections 176 to 187 inclusive, to recover pos-session of the said mill and fixtures, and three log carts.

The property was accordingly seized by the sheriff, but restored to the defendant on his giving the undertaking prescribed in section 181.

The only issue being as to the deliveries of lumber and its value towards the discharge of the indebtedness, an order was entered in the cause at spring term, 1883, in these words: "Referred to clerk to take and state an account between the parties under THE CODE."

The referee made his report at the next term, accompanied with voluminous evidence taken before him, and states the account, finding to be due the plaintiff on June 12th, 1883, the balance of five hundred and ninety-nine dollars and thirty-five cents, to which he adds interest thence accruing to the first day of the term.

To the report the defendant filed exceptions which, with the rulings of the court thereon as brought up on the de-fendant's appeal, we now proceed to examine.

The first three exceptions are to the referee's refusal to allow the defendant to begin and end the trial before him, both in the introduction of evidence and in argument, and permitting the plaintiff to exercise this privilege before him.

This objection is disposed of in a rule adopted at October term, 1883, regulating the practice in the superior courts, which commits the order of the argument of counsel to the ·discretion of the presiding judge without a right of appeal from his decision. This embraces the subordinate matter of introducing the proof.

The rule applies with more pertinency and force to pro ceedings before a referee, and where there is no jury, inasmuch as the entire evidence is taken and reported in written form to the court at one and the same time. For these reasons, and that further assigned by the court that no prejudice appears to have been done to the appellant in the mode pursued in conducting the reference, we sustain the ruling of the court that the exceptions are not tenable.

2. The next exception numbered 7 in the series is to the inquiry made of the witness V. C. Austin, a son of the plaintiff, who acted on his behalf mostly in the deliveries of the lumber, whether he had personal knowledge of all the transactions between the defendant and himself touching the receipt of the lumber, as being vague and indefinite in its terms.

We cannot appreciate the force of the objection. The question is near the close of a long, minute and exhaustive examination of the witness, and seeks to elicit a general statement that all the matters between the parties developed upon such examination rested within his personal knowledge, and none was derived from mere information communicated by others.

In overruling this exception there is no error.

3. The next exception, numbered 10, is taken to the order requiring the defendant, while on the witness stand undergoing a cross-examination, to produce the notes and statements in his possession and permitting them to be used for any purpose other than that avowed by defendant, to contradict the witness for the plaintiff.

These papers furnished material information upon the inquiry before the referee, and showed transactions between the parties directly bearing upon the controversy.

Their production could therefore be coerced as they were present and in possession of the defendant. THE CODE, §§ 578 and 1373.

Referring to these provisions as found in the Code of Civil Procedure, § 331, and the Revised Code, ch. 31, § 82, RUFFIN, J., delivering the opinion in *McLeod* v. *Bullard*, 84 N. C., 515, says :

" Under these two statutes, the courts have been wont to require the production of every document containing evidence relating to the merits of an action, *whenever the justice of the case seemed to require it." Commissioners* v. *Lemly*, 85 N. C., 341.

And it is not less clear that where the papers are produced the defendant cannot restrict the uses to which the evidence they furnish may be applied. They are competent for all legitimate purposes.

4. The exception numbered 19 rests upon an alleged absence of evidence, and that numbered 20, upon an alleged insufficiency of evidence to support the referee's estimate of the quantity of lumber delivered and charged as payments on the debt.

The information upon which his calculations are based comes mainly from the testimony of the plaintiff's agent, V. C. Austin, who acted in the premises for his father, and the defendant himself, (which is in detail but conflicting), and from memoranda made of the transactions. The report

itself shows upon what evidence the result was arrived at, and there certainly was *some evidence* to sustain the finding, the only point we can consider, for its effect in producing belief belongs exclusively to the court below.

The 22nd exception is but the correlative of that numbered 19 and rests upon an allegation that while the referee ought not to have found 250,078 feet of measured lumber as the quantity to be charged, upon the proofs, he ought to have found the quantity to be 325,521 feet. This need not be further considered.

5. The last exception upon the coming in of the supplementary report upon a re-reference of matter involved in a single exception is also untenable. The inquiry was directed in regard to a small lot of lumber left in some uncertainty upon the first report, and the referee reviews the evidence and his former finding, stating that this lot of lumber is included in a larger lot, 49,903 feet, and forms an item or credit in the account rendered by him.

We find upon this review no error in the several rulings complained of, (many of the exceptions having been abandoned) and must affirm them.

The judgment however is not in proper form. The action is to recover possession of the property, for the purpose of selling it or so much of it as may be necessary to discharge the remaining indebtedness, according to the provisions of the original contract. This is the only use to be made of the articles when possession is restored, and the plaintiff (as was said in the case of *Cotten* v. *Willoughby*, 83 N. C., 75, in the conclusion of the opinion) "will hold as trustee, and as all interested in the fund are before the court, we see no reason why in the present proceeding the mortgage may not be foreclosed, the equities involved adjusted, and the whole matter finally adjudicated in the action." The relations of the parties here are substantially the same as in that case, and we see no reason for terminating the

suit by a delivery of possession alone when the debt is ascertained and settled.

The judgment will be so drawn, and the cause will be retained, if possession is in fact restored, for further proceedings, and in the alternative if possession is not delivered, and as these further proceedings can be more conveniently conducted in the court below the cause is remanded to that end.

No error.                    Reformed and remanded.