STATE v. WILLIAM KEENE.

*Practice—Trial—Right to open and Conclude—Testimony—*
*Experts.*

1. After the jury was empaneled, in a trial for murder, prisoner's counsel offered to admit that prisoner killed the deceased with a deadly weapon, averring that the killing was accidental, and thereupon claimed the right to open and conclude the testimony and argument; the Court declined to permit the admission and directed the State to proceed with the proof; *Held,* that this decision was not reviewable, under Rule 6, in 92 N. C., at page 852.

2. Where a physician, an expert, had been present and heard the testimony of witnesses for the State, as to the manner in which the deceased was shot by the prisoner, and their relative position at the time, it was proper for the State to ask the expert, this question: "Assuming that the jury should believe that the prisoner and deceased were about the same height and that the pistol was fired by the prisoner in the manner and position testified to by the State's witnesses, what, in your opinion, would have been the range of the shot after entering the skull, taking into consideration the bone, muscles and other substances of the head ?"

This is an indictment for MURDER, tried before *Connor, J.,* at February Term, 1888, of ROWAN Superior Court.

Only two questions are presented for our consideration, and they are clearly presented in the case on appeal, as follows:

"The prisoner's counsel, after the jury was empaneled, and before the introduction of any testimony, informed the Court that the prisoner desired to admit that he killed the deceased with a deadly weapon, averring that the killing was accidental.

The prisoner insisted that, upon such admission, he was entitled to the opening and conclusion of the testimony and the argument. The Court declined to permit the admission and held that the State should proceed with the proof. The defendant excepted.

The State, among other witnesses, introduced Dr. J. J. Summerell, who testified: "I heard the testimony of the prisoner, I am a physician, graduated in 1844, have been practicing ever since. I was present at the Coroner's inquest, and examined the deceased. There was a hole about one and a quarter inches above the left eye, a little to one side. There was only one entrance into his skull. I probed the wound and found the inclination of the shot was slightly upward. I heard the testimony of the witness as to the manner of the shooting and the position of the prisoner and the deceased."

The Solicitor for the State then proposed to ask the witness the following questions:

"Assuming that the jury should believe that the prisoner and deceased were about the same height, and that the pistol was fired by the prisoner in the manner and position testified to by the State's witnesses, what, in your opinion, would have been the range of the shot after entering the skull, taking into consideration the bone, muscles and other substances in the head?" Exception by defendant.

Witness answered: "I think the shot would have a slightly upward tendency.

Verdict of manslaughter. Motion for new trial—overruled. Appeal by defendant."

*Attorney General,* for the State.

No counsel for the defendant.

DAVIS, J. (After stating the facts). 1. The first exception can not be maintained.

The decision of the Court below upon the question as to who should have the reply and the conclusion of the argument was "final and not reviewable" by this Court. By Rule 6, to be found on page 852 of 92 N. C., Rep., this is settled. *Brooks* v. *Brooks,* 90 N. C., 142; *Cheek* v. *Watson,* 90 N. C., 302; *Austin* v. *Secrest,* 91 N. C., 214.

"It is only when no evidence is introduced by the defendant" that the right of reply and conclusion belongs, of right, to his counsel, by Rule 3, to be found on page 851 of the same volume.

2. The second exception is also untenable. It is not denied, that Dr. Summerell is an expert, and this case is easily distinguishable from that of the *State* v. *Bowman,* 78 N. C., 509. In fact, the question put to Dr. Summerell was in strict compliance with the mode laid down for the examination of experts in *State* v. *Bowman,* and the reasoning in that case, and the authorities cited therein, fully sustain the ruling of the Court below. See also *Ray* v. *Ray,* 98 N. C., 566; *State* v. *Cole,* 94 N. C., 959.

There is no error.

Affirmed.