### THE STATE v. HOWARD ANDERSON.

*Evidence—New Trial—Argument, Right to Open and Conclude.*

1. The rejection of competent testimony will not be ground for a new trial where the record shows that at a subsequent stage the rejected evidence was admitted and the party offering it had the full benefit of it.

2. The right to open and conclude the argument, except in cases where no evidence has been introduced by the defendant, is now, under Rule 6, Supreme Court, left to the discretion of the Court, and the exercise of this discretion will not be reviewed upon appeal.

INDICTMENT for murder, tried before *Avery, J.,* at September Term, 1888, of the Superior Court of WAYNE County.

There was a verdict of guilty, and the defendant appealed.

Only two questions are presented in the record:

1. One T. J. Vinson, a witness for the defendant, who had been examined and cross-examined, was recalled for further cross-examination, and in reply to the question, " When the prisoner was talking to you in front of the carriage shop, did he not tell you that he had stricken Porter (the deceased) with a rock?" testified : " When I was talking to Anderson in front of the buggy shop, he did not tell me that he struck Porter with a rock."

The (counsel for) prisoner then insisted that he had a right to ask the witness what the prisoner *did* say in front of the carriage shop as to whether he was the person who struck Porter.   On objection, the Court held " that as no part of the conversation had been called out by the question from the Solicitor, the prisoner did not have a right to have his declaration on that occasion put in evidence." *Prisoner excepted.*

The witness then said : " Anderson did not say that he struck Porter with a rock; he did not say anything like that."

Afterwards, as the record shows, the prisoner, in his own behalf, testified, among other things: "I met Jeff. Vinson

and had a conversation with him; I did not strike Porter that night; I had no hard feeling against Porter, and he had none against me."

T. J. Vinson was again recalled, and testified : " I first saw Anderson, after Porter was stricken, near the boarding house. I said, ' Mr. Porter is stricken, and they say you did it.' He said he did not. We went, leaving there, down the street from the boarding house. We walked down to the carriage factory, and (he) kept saying, 'I did not do it.' He then said he was going back up there, and if they arrested him they would arrest him wrongfully."

*The Attorney General*, for the State.
No counsel for the defendant.

DAVIS, J. (after stating the case.)   1. Whether there was or was not error in refusing to permit the witness Vinson to testify as to what the prisoner *did* say when the evidence was first offered, we are relieved of the necessity of considering or passing upon the question, in view of the fact that the witness Vinson was again recalled and testified as to what the accused *did* say, and if there was any error, it was thus cured.   In fact, the evidence, when brought out as it was, in corroboration of the prisoner, was more beneficial to him than it would have been if it had been permitted when objected to and excluded; and, having been admitted, we can see no possible prejudice that could have resulted to the prisoner.   If there was any error or just ground of complaint it was removed.   *Gilbert* v. *James*, 86 N. C., 244, and the cases there cited; *State* v. *Freeman*, 100 N. C., 429.

2. " Counsel for the prisoner insisted that the Solicitor, who appeared alone for the State, should be required by the Court to make an opening speech as well as to conclude the argument.   The Court decided that it was proper for the Solic-

itor. to state fully the propositions of law upon which he relied, and if the Solicitor should fail to do so, the Court would, in its discretion, hear the prisoner's counsel in answer to any proposition of law submitted for the first time by the Solicitor in his closing argument. The Solicitor, after some objection, simply stated his position as to the law applicable to the case, but made no full opening argument upon the facts. The prisoner's counsel excepted to the refusal of the Court to order and require the Solicitor to discuss the theory or theories relied upon by the State as to the facts."

In *State* v. *David*, 4 Jones, 353, it is said: "The proper rule is that the party having the right to conclude opens the argument; the opposite party then has an opportunity to reply, and he in his turn may reply by way of conclusion." It is also there said that "common fairness suggests" that the counsel having the right to open should be required to state the ground upon which he relies, otherwise views might be presented and inferences drawn from the evidence which would go to the jury unanswered. But the question as to who shall open and who shall conclude the argument, except in cases where no evidence is introduced, is now, by Rule 6, 92 N. C., 852, left to the Court, and its "decision shall be final and not reviewable." Full power is given to the Court, in its discretion, to see that in the conduct of the argument no prejudice shall result to either party by any improper statement of counsel, but it would often be difficult for the Court to determine how far counsel, in opening, should be required to go, and we think the question must necessarily be left largely to its discretion. *Brooks* v. *Brooks*, 90 N. C., 142; *Cheek* v. *Watson*, Ibid., 302; *Austin* v. *Secrest*, 91 N. C., 214; *State* v. *Keene*, 100 N. C., 509.

We were not favored with an argument for the prisoner, but it is stated in the case that "the motion for a new trial was solely on the ground of excluding testimony," and we

.suppose it was not intended that the second exception should be relied on in this Court; but we think neither exception will avail the prisoner.

There is no error                              Affirmed.