LIZZIE JOHNSON v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 8 March, 1916.)

### 1. Pleadings—Amendments—Court's Discretion—Telegraphs.

It is within the discretionary power of the trial judge, in an action to recover damages for mental anguish against a telegraph company in negligently failing to promptly deliver a telegram relating to sickness, to allow the plaintiff to amend his complaint so as to allege that he could and would have gone to the bedside of his relative, etc., and such is not reviewable on appeal, in the absence of any evidence that this discretion had been abused.

### 2. Telegraphs—Delay in Delivery—Prima Facie Case—Burden of Proof.

A delay of three days by a telegraph company to deliver a message relating to sickness is sufficient evidence of the company's negligence to place the burden on the defendant to rebut the *prima facie* case.

### 3. Telegraphs—Service Message—Negligence—Evidence—Trials.

On trial of an action against a telegraph company for its alleged negligent failure to deliver, at its destination, a telegram relating to sickness, wherein defendant moved to nonsuit upon plaintiff's evidence, tending to show a diligent search had been made for the addressee at destination, but that no service message was sent back to the sending office: *Held*, the failure to send such service message was evidence of defendant's actionable negligence, which could not be rebutted by the assumption of the defendant's agent that no better address could have been given under the circumstances, the addressee living some 12 miles from the town given as his address.

APPEAL by defendant from *Devin, J.,* at September Term, 1915, of JOHNSTON.

Civil action, tried upon these issues:

1. Did the defendant negligently fail to deliver the message with reasonable promptness, as alleged in the complaint? Answer: "Yes."

2. If so, did the acts and omissions constituting negligence occur in the State of North Carolina? Answer: "Yes."

3. If the message had been delivered in a reasonable time, could and would the plaintiff have gone to and been with her son, as alleged in the complaint? Answer: "Yes."

4. What damage, if any, has the plaintiff sustained on account of mental anguish caused by the negligence of the defendant? Answer: "$400."

From the judgment rendered, defendant appealed.

*S. S. Holt, Wellons & Wellons, Manning & Kitchin for plaintiff.*
*Pace & Boushall for defendant.*

BROWN, J.  This is an action to recover damages brought by the sendee of the following telegram:

MOUNT HOLLY, S. C., January 6, 1914.

MRS. LIZZIE JOHNSON, *Smithfield, N. C.*

DEAR MOTHER:—Please come at once.  I am very low.

Your son,          R. L. JOHNSON.

It is admitted that there was due diligence in the transmission of the message, but the negligence consists in failure to use due diligence to deliver the message to sendee at Smithfield.  It was received at that office at 8:41 p. m., 6 January, in about two hours after it was filed in the Mount Holly office.  It was not delivered until 9 January at 3:30 p. m., a period of nearly three days after it had been received by the defendant for transmission.

The defendant excepts because the court permitted an amendment to the complaint by averring that "had plaintiff received the message promptly she could and would have gone to Mount Holly and been at the bedside of her son."  This is a matter within the sound discretion of the judge, and in the absence of any evidence of an abuse of such discretion this Court will not review his action.  *Henry v. Cannon,* 86 N. C., 24; Clark's Code, sec. 274.  The amendment added no new cause of action, and even if we could review the action of the judge, we must say we see no impropriety in allowing it.  The several assignments of error relating to the testimony appear to be without merit, and need not be discussed.  The defendant made the usual motion to nonsuit, and also requested the court to instruct the jury as follows: "Upon all the evidence, the jury will answer the first issue 'No.'"  The court properly overruled the motion and denied the prayer.

It must be admitted that a delay of three days in delivering a telegram is evidence of negligence so as to place the burden on the defendant to rebut the *prima facie* case.

As this Court said in *Woods v. Tel. Co.,* 148 N. C., 1: "This Court, in *Hendricks v. Tel. Co.,* 126 N. C., 304, held it as well settled by the authorities that when a telegraph company receives a message for delivery to the addressee and fails to deliver it, it becomes *prima facie* liable, and the burden rests upon it of proving such facts as will excuse its failure.

It is true that the evidence introduced by plaintiff (the defendant introduced none) tends to prove that defendant manager at Smithfield made a diligent search for plaintiff, but he failed to send a service message notifying sending office of failure to deliver and asking for better address.

We have held that when a message is received at a terminal office to which it has been transmitted for delivery to the person addressed, it is

the duty of the company to make diligent search to find him, and, if he cannot be found, to wire back to the office from which the message came for a better address. In *Smith v. Tel. Co.,* 168 N. C., page 515, this Court said: "But we have not gone so far, and deem our rule the more reasonable one, viz., that the company should notify the sender by a service message if the message cannot be delivered within the limits prescribed for the place to which it is addressed, so that he may furnish a better address, or, if the addressee lives beyond the said limits, provide for the payment of the charge for the extra service required."

See, also, *Woods v. Tel. Co.,* 148 N. C., 6, in which it is said: "If due search had been made for him and he could not be found, it was required to wire back for a better address, which it did not do, and this was evidence of negligence. *Hendricks v. Tel. Co.,* 126 N. C., 304; *Cogdell v. Tel. Co.,* 135 N. C., 431." *Hoaglin v. Tel. Co.,* 161 N. C., 390.

The defendant's contention is that it was relieved of its duty to send a service message back to Mount Holly by reason of the fact that the sender lived at Otranto, to which Mount Holly was the nearest telegraph station, and it would have received no better address of the sendee.

The defendant's agent had no right to assume this. The evidence is that Mount Holly is the nearest telegraph station to where sender resided and only 12 miles distant. It is highly probable he could have been reached by phone. It was the duty of the Smithfield operator at least to send the usual service message, and there is nothing in the facts of this case that relieved him of such duty.

The charge of the court presented every phase of the case clearly to the jury, and we find nothing in it of which defendant can reasonably complain.

No error.