## D. M. SMITH v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 26 September, 1917.)

**Carriers of Goods—Commerce — Damages — Notice to Carrier—Burden of Proof—Evidence—Instructions—Appeal and Error.**

In an action against the carrier for damages for failure to deliver an interstate shipment of goods, the burden is on the plaintiff to show that the required notice was given within the four months, at the point of origin or of delivery, after a reasonable time for delivery had elapsed; and upon failure of evidence thereof the plaintiff cannot recover.

APPEAL from justice's court, tried before *Cox, J.,* at January Term, 1917, of CHATHAM, upon these issues:

1. Was the shipment of freight described in the pleadings delivered to the plaintiff?  Answer: "No."

2. Was claim for loss of shipment filed with the defendant at a point of destination or at point of origin within four months after a reasonable time for delivery has elapsed?  Answer: "Yes."

3. In what sum is defendant indebted to plaintiff?  Answer: "$15.51."

From the judgment rendered, defendant appealed.

*No counsel for plaintiff.*
*Murray Allen for defendant.*

BROWN, J.  Plaintiff sues to recover for loss of goods shipped in interstate commerce.  The defendant denied loss of goods and pleaded specifically that plaintiff had failed to comply with the contract of shipment by filing a written claim for loss within four months.

The court charged the jury: "If you find that such claim was not filed in writing at the point of origin or at the point of delivery within four months, after a reasonable time for delivery had elapsed, you will answer that issue 'No.'"  Defendant duly excepted.

It is contended that the burden of proof is on the plaintiff on the second issue, and that there is no evidence to support the charge.

The exception is well taken.  Before he can recover, the burden is on plaintiff to show not only that the claim was *in writing,* but that it was filed with defendant's agent at the point of delivery or of origin within four months after a reasonable time for delivery has elapsed. The point is expressly decided in *Culbreth v. R. R.,* 169 N. C., 724.

There is no evidence in the record justifying the charge.  His Honor should have instructed the jury to find the issue against plaintiff.

It is erroneous, and ground for exception, for the trial judge to give an instruction to a jury without evidence to support it. *Stewart v. Carpet Co.,* 138 N. C., 36.

As no motion to nonsuit appears in the record, there will be another trial.

New trial.