W. N. DORSEY v. MRS. W. C. CORBETT AND HUSBAND, W. C. CORBETT, AND R. E. CAMPBELL AND B. T. FALLS, GARNISHEES.

(Filed 23 December, 1925.)

**1. Pleadings—Amendments—Courts—Appeal and Error.**

Amendments to the pleadings may be allowed by the trial judge that do not substantially change the cause of action, at the request of a party, or may do so *ex mero motu* to conform the pleadings to the evidence introduced under such circumstances; and where this discretion is not abused by him, his action therein is not reviewable on appeal.

**2. Same—Principal and Agent—Sales—Commissions.**

In an action to recover the amount of commissions alleged to be due an agent for the sale of lands, an amendment to conform the complaint to the evidence, that alleged the defendant was to pay this commission whether the property was sold either by the plaintiff, the owner, or another, did not substantially change the cause of action, and this allowance of amendment by the trial judge was not reversible error, but rested within his discretion.

**3. Contracts—Married Women—Principal and Agent.**

A married woman is *sui juris* under our law to make a valid contract with an agent for the sale of lands.

**4. Instructions—Evidence—Appeal and Error.**

An instruction that is not based on evidence permitted by the pleadings, is reversible error, when prejudicial to the appellant.

**5. Pleadings—Amendments—Discretion of Court—Statutes.**

With a view to substantial justice the allegations of a pleading will be liberally construed (C. S., 535); and where the trial judge may permit an amendment within his sound discretion allowed by statute, unless the complaining party show, to the satisfaction of the court, that he would be unlawfully prejudiced thereby, or where the variance is not material, the judge may direct the fact to be found according to the evidence, or may order an immediate amendment without cost. C. S., 552.

**6. Contracts—Quantum Meruit—Evidence—Damages—Instructions.**

In an action to recover compensation for the sale of land by an agent, the complaint alleged, and there was evidence tending to show and *per contra*, that defendant gave the sole agency therefor to the plaintiff, and that a commission of five per cent was to be paid him, and evidence of no fixed commission: *Held*, the plaintiff was entitled to his compensation if the defendant had sold the land to another, or through another agency, during the life of the contract, and an instruction upon the law relating to a recovery upon a *quantum meruit*, was not erroneous.

**7. Same—Pleadings.**

A recovery upon a *quantum meruit* will not be permitted where the declaration is upon a special contract with a special price therein stated as the standard; but such recovery is permissible where the allegations are based upon a contract upon commission and also when the amount is not fixed and is broad enough to include a recovery upon a *quantum meruit*.

DORSEY v. CORBETT.

APPEAL from *Shaw, J.,* and a jury, July Term, 1925, of CLEVELAND. No error.

At the time this action was commenced, an attachment was taken out, which the counsel for plaintiff and defendant admit was regular.

The plaintiff complains: "That sometime during the month of May, 1924, the plaintiff entered into a contract with the defendant, Mrs. W. C. Corbett, to act as her agent to sell that certain piece of property located in Shelby, North Carolina, known as Courtview Hotel property, said property being fully described in deed made by R. L. Ryburn, commissioner to Ella M. Corbett (Mrs. W. C. Corbett), which deed is of record in the office of register of deeds for Cleveland County, North Carolina, in Book of Deeds 3-P, page 12, reference to which record is hereby made for full description, and which description is made a part of this complaint, and that by the terms of said contract, the plaintiff was to receive 5% commission of the amount said property brought when same was sold, (whether by plaintiff, Mrs. W. C. Corbett, or by another person allowed by the court), the sale price to be $100,000, unless she agreed to take a smaller amount, but that said contract was later changed so as to authorize the plaintiff to sell said property at such price and terms as the plaintiff thought best. And that, in pursuance of the aforesaid contract, the plaintiff endeavored to sell said property and procured an offer of $80,000 from R. E. Campbell for same, and a request by G. C. King in behalf of the Cyclone Auction Company to submit an offer of $90,000 for same, and also a request from R. E. Campbell to give him a chance to raise any bid less than $100,000 for said property. That when the plaintiff thought he had the property about sold, he was notified by R. E. Campbell on the morning of 29 October, 1924, that said R. E. Campbell had purchased same through B. F. Falls, on the morning of 28 October, 1924, from the defendant, Mrs. W. C. Corbett; and that on the afternoon of 28 October, 1924, after the sale, and as the plaintiff is informed and believes, had been confirmed, the plaintiff received a long distance telephone call from the defendant, Mrs. W. C. Corbett, requesting him to state what offers he had had for said property, at which time this plaintiff stated the offer of R. E. Campbell, and stated to her that his commission would be 5%, to which she replied that she understood that to be the case. That the plaintiff is informed and believes that the said R. E. Campbell is to pay upon the delivery of a deed to him for the aforesaid property, the sum of $85,000, or more; and that under the terms of plaintiff's contract, as aforesaid, the defendants are justly indebted to the plaintiff in the sum of $4,250 or more," and prays judgment for that amount.

The defendant, Mrs. W. C. Corbett, denied the material allegations of the complaint, admitted that she received $85,000 for the property, but denies any indebtedness to plaintiff.

The issues submitted to the jury and their answers thereto were as follows:

"1. Is the defendant, Mrs. W. C. Corbett, indebted to the plaintiff, as alleged in the complaint, and, if so, in what amount? Answer: Yes, $2,125.00.

"2. Did R. E. Campbell, on 31 October, 1924, owe Mrs. W. C. Corbett anything, or have in his possession any property belonging to the said Mrs. W. C. Corbett, when notice of summons was served upon him, and if so, what amount? Answer: $4,300.00."

Judgment was rendered on the verdict. Numerous exceptions and assignments of error were taken by defendants to the admission of evidence, refusal to give special prayer for instructions, refusal to nonsuit and the charge of the court below, and an appeal taken to the Supreme Court.

The material assignments of error and necessary facts will be considered in the opinion.

*D. Z. Newton and C. B. McBrayer for plaintiff.*
*B. T. Falls for defendants.*

CLARKSON, J. We will not consider the assignments of error *seriatim,* and only the material ones.

The defendants complain that the court below allowed the plaintiff to amend his pleadings after all the evidence was in and the argument had begun. Plaintiff, in the complaint, alleged: "That by the terms of said contract, the plaintiff was to receive 5% commission of the amount said property brought when same was sold." The amendment allowed "whether by plaintiff, Mrs. W. C. Corbett, or by another person." Bearing on this, plaintiff testified: "I am a real-estate agent in the town of Shelby, and exhibit here my license for the years 1924 and 1925. Mrs. Ella M. Corbett and Mrs. W. C. Corbett are one and the same person. I had a contract with Mrs. Ella M. Corbett to sell her property known as the Courtview property in the town of Shelby, and was to receive 5% commission when the property was sold, if I sold it, or if she sold it, or if any one else sold it."

Amendment of pleading is in the sound discretion of the court below. This is not reviewable here unless there is an abuse of discretion. The amendment added no new cause of action. *Johnson v. Telegraph Co.,* 171 N. C., 130; *R. R. v. Dill,* 171 N. C., 176; *Talley v. Granite Quarries Co.,* 174 N. C., 445; *Brewer v. Ring and Valk,* 177 N. C., 485.

It was said in *Sams v. Cochran,* 188 N. C., p. 733: "Under our liberal practice, the court below, in its sound discretion, in furtherance of justice, can amend the pleading, before and after judgment, to con-

form to the facts proved, keeping in mind always that an amendment cannot change substantially the nature of the action or defense without consent. Our system is broadening and expanding more and more, with the view at all times that a trial should be had on the merits and to prevent injustice." C. S., 547.

We think the complaint fully sets forth a cause of action.

"Where a broker, authorized to sell at private sale, has commenced a negotiation, the owner cannot, pending the negotiation, take it into his own hands and complete it, either at or below the price limited, and then refuse to pay the commission." *Keys v. Johnson,* 68 Penn., p. 42; *Martin v. Holly,* 104 N. C., 39; *Trust Co. v. Goode,* 164 N. C., 19.

From the testimony of plaintiff there was a binding contract: "When the property was sold, if I sold it, or if she sold it, or if any one else sold it." Mrs. Corbett was *sui juris,* under our law, and had the legal right to make such a contract. She denied plaintiff's version of the contract. This was a question for the jury. The court below properly refused to grant her motion for judgment as in case of nonsuit at the close of plaintiff's evidence and at the close of all the evidence. C. S., 567; *Fleming v. Holleman, ante,* 449.

The assignment of error most earnestly pressed before us by the able counsel for defendants, was the charge of the court below as follows: "Now the defendant, Mrs. Corbett, asks you to answer this issue 'Nothing.' She says she had put this property in the hands of Mr. Dorsey, but there was no agreement as to amount of commission she was to pay, and she had right in law to make this kind of contract, if that contract was made. If that was the agreement between herself and Mr. Dorsey and the agreement further was she was to pay him whether he sold the property, or she sold it, or some one else sold it under her direction, then she would be indebted to him, nothing else appearing, to what the service was reasonably worth, or what was the customary charge of real estate agents in this community and territory for making sale of property. In other words, the law would imply a contract on her part whether it was specified or not to be paid what the services were reasonably worth, or the customary charge by real estate agents in this part of the country."

The defendant says: "It is respectfully submitted that no witness testified to any such statement of facts or any statement of facts from which the foregoing could be inferred. Plaintiff emphatically alleges and testifies to the contract of 5% absolutely due upon sale of property. The defendant testifies that she placed the property with him for sale without stipulated commission."

An instruction about a material matter which is not based on sufficient evidence, is erroneous. *Williams v. Harris,* 137 N. C., 460; *Smith v. R. R.,* 174 N. C., 111.

C. S., 535, is as follows: "In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with a view to substantial justice between the parties."

C. S., 552 is as follows: "1. No variance between the allegation in a pleading and the proof shall be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action upon the merits. Whenever it is alleged that a party has been so misled, that fact, and in what respect he has been misled must be proved to the satisfaction of the court; and thereupon the judge may order the pleading to be amended upon such terms as shall be just. 2. Where the variance is not material as herein provided, the judge may direct the fact to be found according to the evidence, or may order an immediate amendment without costs."

Mrs. W. C. Corbett, the defendant, testified: "She authorized W. N. Dorsey to use his best efforts to sell said property, no commission was mentioned. . . . I wrote him to sell it at any price rather than to be foreclosed." Plaintiff performed services in negotiating a large loan, some $48,000. True, she said she paid him just before she left Shelby in July. "He told me he ought to be paid something further for his services, and I asked him what amount, and he finally wrote $1,000, and I paid him at that time $500, which he accepted, and with which he seemed to be satisfied. I listed the property with him for sale as well as others, but at no time gave him exclusive agency."

The price that she was asking for the property was $90,000. Her evidence shows that plaintiff had an offer from R. E. Campbell for $80,000, he submitted the offer to her less his 5% commission. Without revoking the agency, she negotiated the sale through another in Shelby and closed at $85,000, to the same party—R. E. Campbell—and made a deed to him. Campbell in his testimony stated that another than Dorsey "was the first to begin negotiations" and through whom he closed the deal and obtained the deed.

C. C. Blanton testified: "That Mrs. Corbett said that he (W. N. Dorsey) was her agent and would get the commission anyway, that he had all the business to attend to, renting, selling and everything, that when it was sold Mr. Dorsey would get his commission out of it.

Q. State whether or not she stated the amount of commission he would get? Answer: I don't think so. I don't remember whether he stated that or whether she did; something was said about 5%, but I don't remember which one said it. I believe both told me that, but I am not positive.

Q. State whether or not she stated that Mr. Dorsey was her sole agent? Answer: Yes, she did. She said that on several occasions, her sole agent, and that is when she spoke of paying him 5%.

Q. State whether or not she had reference to the sale of the Court-view Hotel property when she stated that he was her sole agent. Answer: Yes, that is what she was talking about.

Q. State whether or not she made any statement about whether he would get the commission if he sold it, or if she sold it, or whoever sold it? Answer: Yes, she said that if she sold it Mr. Dorsey would get the commission and she said: 'He is my sole agent and has done a great deal for me and I will expect him to have the commission out of the sale of the property.' "

We think from the evidence the charge was fully warranted. The jury gave the plaintiff less than he was suing for, taking the evidence of others than plaintiff on a *quantum meruit* basis. We cannot see any prejudicial error, the amount being far less than that sued for.

Mordecai's Law Lectures, vol. 1 (2 ed.), p. 127, says: "Under the old practice the plaintiff generally declared upon the special contract and added also what were called the common counts, so that if he failed on the special contract he could have relief in *assumpsit;* and now under The Code a party may recover on a *quantum meruit,* although the complaint is on the special contract; or the plaintiff may so frame his complaint as to declare both on the special contract and in *quantum meruit;* or the complaint may state the cause of action so broadly as to authorize a recovery of either on a *quantum meruit* or on the special contract. This, however, is a slovenly mode of pleading, tolerated, but not approved, as the cases cited will show."

There are cases where this principle would not apply. When the recovery is restricted by the special contract, and the price agreed upon in the special contract is the standard, the special contract "must of necessity guide the jury." Mordecai's Law Lectures, *supra,* p. 128; *Markham v. Markham,* 110 N. C., p. 362; *Reams v. Wilson,* 147 N. C., 304.

In the case at bar, the evidence showed the special contract was not the only standard of recovery, but the evidence, on the entire record, was sufficient to be submitted to the jury, as to *quantum meruit.* The able judge who tried the case, with more than ordinary care, gave in his charge the law as it applied to the different phases of evidence. We see no reason for the defendants to complain under the facts and circumstances of this case, reviewing the whole evidence as the court did below, and as we now do, in a judicial and nonpartisan view.

From the entire record, we can find no prejudicial or reversible error. No error.