THE BANK OF ASHE AND FEDERAL DEPOSIT INSURANCE CORPORA-
TION, v. LESTER M. STURGILL, VICTOR CLARK, E. L. CHILDERS,
C. E. WELCH, JOHN GOSS, AND OLIVER HAM.

(Filed 12 January, 1944.)

**1. Pleadings §§ 21, 22—**

In order to facilitate the determination of causes on their merits, in
the furtherance of justice, the courts have wide powers with respect to
amendments to pleadings. Amendments, which are permitted in order to
conform the pleading to the proof, are limited to those which do not
change substantially the claim or defense. C. S., 547.

**2. Same—**

Amendments to pleadings may be allowed after a referee's report has
been filed; but after exceptions are allowed to a referee's report and the
cause ordered to stand for trial on the issues of fact raised by the
exceptions, no amendments should be allowed except such as are perti-
nent to the issues of fact defined by the court's allowance of exceptions.

APPEAL by defendants from *Gwyn, J.,* at April Term, 1943, of ASHE.
Affirmed.

Motion by plaintiff Federal Deposit Insurance Corporation to amend
its reply. This was allowed, and defendants excepted and appealed.

*Francis C. Brown, James M. Kane, Arthur C. Bernard, R. A. Dough-
ton, Ira T. Johnston, Fred S. Hutchins, and H. Bryce Parker for plain-
tiffs, appellees.*
*Bowie & Bowie for defendants, appellants.*

DEVIN, J. The question involved in this appeal may be better under-
stood by a brief statement in chronological order of the events leading
up to the ruling complained of.

In 1927 the Bank of Ashe took over the assets and assumed the lia-
bilities of the Bank of Lansing. The defendants, who were stockholders
and directors of the Bank of Lansing, executed an agreement to indem-
nify the Bank of Ashe from loss. 27 March, 1933, a statement of the
liquidation of the Lansing Bank showed a loss to the Bank of Ashe of
approximately $12,000, and the defendants executed to the Bank of
Ashe their promissory notes in that amount due 30 December, 1933.
Subsequently, action on the notes was instituted by plaintiff Bank in
1934, voluntary nonsuit taken in 1935, and this action begun in 1936.
The defendants denied liability and set up several defenses, and there-
after at May Term, 1938, the cause was referred to R. F. Crouse, referee.
In June, 1938, the Federal Deposit Insurance Corporation, which before
the beginning of this litigation had insured the deposits of the Bank of

Ashe, made a loan to the Bank to pay its creditors, and as security therefor acquired by assignment certain of its assets, including the notes sued on. In 1939 by consent the Federal Deposit Insurance Corporation was made a party plaintiff and adopted the complaint and reply, and also filed a separate reply, which the defendants answered. 12 July, 1940, the referee filed his report in which he found the facts in favor of the defendants, and concluded that they were not liable on the notes. Plaintiffs filed exceptions, and these were heard by Judge Pless at October Term, 1940. Certain exceptions to the findings of fact were allowed, and, the defendants having preserved right to trial by jury thereon, the cause was ordered to stand for trial in the Superior Court on the issues of fact raised by the exceptions allowed. These related to defendants' claims, (1) that the notes sued on were executed in reliance upon the false representation of the cashier of the Bank of Ashe that there were sufficient assets of the Lansing Bank to discharge the notes; that the notes were executed on condition that they be discharged in that manner, and would only be used for the purpose of opening the Bank; that the liquidation of the Lansing Bank had not been completed; and that the notes were not executed in settlement of an ascertained loss in the liquidation of Bank of Lansing; (2) that the Bank of Ashe failed to exercise diligence in collecting assets of the Lansing Bank, resulting in substantial loss; and (3) that by the exercise of diligence a sufficient amount could have been collected from assets and stockholders' liability to have discharged all the liabilities of the Bank of Lansing.

At April Term, 1943, plaintiff Federal Deposit Insurance Corporation moved to amend its reply by alleging that the defendants were estopped to set up as a defense to this action transactions and agreements between the parties prior to the execution of the notes; that the notes were executed as evidence of an ascertained indebtedness by the defendants to the Bank of Ashe, and were accepted and carried on the books of the Bank as valid obligations, and, without notice of any claim of infirmity, were so considered by the Commissioner of Banks, who thereupon permitted the Bank of Ashe to reopen its doors after the banking holiday of 1933, and upon the faith of said notes certified the solvency of the Bank to the plaintiff Federal Deposit Insurance Corporation; that the moving plaintiff, without notice of any contention that the notes were invalid by reason of a private agreement between defendant and officers of the Bank, or that the notes were not based on valid consideration, insured the Bank's deposits, and thereafter made loans to the Bank to pay its depositors and creditors; that defendants should not now be permitted to plead as a defense a secret agreement in which they had participated, and as to which they kept silent, thereby inducing the plaintiff to insure the Bank's deposits with resultant loss. The

plaintiff's amendment further set up that the defendants as parties to an agreement which contemplated the concealment of the actual transaction and consequent false entries on the books of the Bank are estopped to plead the agreement as a defense to this action; and further that defendants' pleas are contrary to Federal policy.

The amendment was allowed by the court below as a matter of discretion. In order to facilitate the determination of causes on their merits, in the furtherance of justice, the courts have wide powers with respect to amendments, and this is recognized by our statute. C. S., 547; McIntosh, 512. Amendments to pleadings may be allowed after referee's report has been filed, *Hardware Co. v. Banking Co.,* 169 N. C., 744, 86 S. E., 706; *Moore v. Westbrook,* 156 N. C., 482, 72 S. E., 842, or even after verdict, *Patterson v. Lumber Co.,* 175 N. C., 90, 94 S. E., 692. So liberal has been the practice in this respect within this jurisdiction that *Chief Justice Pearson* once remarked that it seemed as if "Anything could be amended at any time." *Garrett v. Trotter,* 65 N. C., 430. However, the amendments which are permitted in order to conform the pleading to the proof are limited by the statute to those which do not "change substantially the claim or defense." The introduction of a new element into a cause at issue which substantially changes its character should not be permitted, and in this case at this stage of the litigation no amendments should be allowed except such as are pertinent to the issuable facts defined by the court's allowance of exceptions to the referee's report. Measured by these rules, we are unable to say that the allowance of the amendment objected to was beyond the power and discretion of the court. The amendment set up a plea which was pointed to the particular issues now set down for trial.

By the proposed addition to its pleadings the moving plaintiff seeks to invoke as applicable here the principles of equitable estoppel which were considered by the Supreme Court of the United States in the recent cases of *D'Oench v. Federal Deposit Insurance Corp.,* 315 U. S., 447 (1942), and *Deitrick v. Greaney,* 309 U. S., 190. The same principles as applied to banks and their creditors were considered in *Bangor Trust Co. v. Christine,* 297 Pa., 64; *Mount Vernon Trust Co. v. Bergoff,* 272 N. Y., 192; *Bay Parkway National Bank v. Shalom,* 270 N. Y., 172; *Denny v. Fishter,* 238 Ky., 127.

We think the allowance of the amendment was within the discretion of the trial court, and the order to that effect is

Affirmed.