JEAN COLE HATCHER, ADMINISTRATRIX, ET AL. v. L. M. WILLIAMS ET AL.

(Filed 11 April, 1945.)

**1. Pleadings § 21—**

>   Permission to amend a pleading rests in the sound discretion of the trial court. G. S., 1-163.

**2. Same—**

>   In a suit by an administratrix against a business associate of her intestate and others for an accounting as to properties purchased, for the joint account of such intestate and such associate, with moneys furnished by plaintiff's intestate for their joint enterprise, an amendment to the complaint, alleging fraud in concealing property purchased for such joint account and failure to account therefor, is allowable as a cause of action arising out of the same transaction and connected with the same subject of action. G. S., 1-123.

**3. Fiduciaries § 2: Principal and Agent § 5—**

>   One who acts for another, or assumes the obligation of a fiduciary, is under the compulsion of fair play and good faith in respect of the interests of his principal or the confiding party.

APPEAL by demurring defendants from *Bobbitt, J.,* at Chambers, 1 February, 1945. From CLEVELAND.

Civil action for an accounting.

The complaint alleges that for many years E. A. Cole and L. M. Williams were jointly engaged in prospecting for mining properties, Cole furnishing the money and Williams doing the prospecting. From time to time large sums of money were advanced by Cole, and title to various properties were taken in the name of Williams. Among the properties so purchased were two limestone tracts in Cleveland County.

The Superior Stone Company offered to lease these two limestone tracts, provided an adjacent tract could be acquired and included in the lease, the three tracts together making a more desirable enterprise. Williams then purchased the adjacent tract with money advanced by the Stone Company which was to be repaid under the terms of a lease covering all three tracts.

Prior to his death on 9 February, 1943, E. A. Cole lost his health and became incompetent, whereupon, on 12 June, 1942, his daughter, Jean Cole Hatcher, was appointed trustee to manage his affairs.

On 2 September, 1942, Mrs. Hatcher and Williams executed a memorandum of agreement outlining the rights of the parties in and to the properties, leases and options therein described. The two limestone tracts are mentioned in this memorandum, but the "adjacent" tract is not.

This suit was instituted in July, 1944, for an accounting, and the paper writing of 2 September, 1942, is specifically referred to in the complaint. On 4 October, 1944, the defendant was examined adversely under the statute, and the plaintiff learned for the first time the facts in respect of the "adjacent" tract; whereupon the plaintiff, on petition and over objection, was allowed to file an amendment to the complaint in which it is alleged that at the time of the execution of the agreement on 2 September, 1942, Williams falsely and fraudulently misrepresented the facts in respect of the "adjacent" tract, and that plaintiff is entitled to one-half the rents arising from this tract.

The defendants, other than Solvay Process Company, filed demurrer to this "amendment" on the ground that it is inconsistent with the original complaint, and states no cause of action, and asked that it be stricken from the complaint.

From judgment overruling the demurrer, the defendants, other than Solvay Process Company, appeal, assigning errors.

*McDougle & Ervin and John M. Robinson for plaintiffs, appellees.*

*Hal B. Adams, L. S. Spurling, and B. F. Williams for defendants, appellants.*

STACY, C. J. The case involves the right of plaintiff to amend the complaint, and the appropriateness of the amendment filed.

First, in respect of the permission granted the plaintiff to amend the complaint, it is enough to say this was a matter resting in the sound discretion of the trial court. G. S., 1-163; McIntosh on Procedure, 512.

Secondly, the appropriateness of the amendment, while stressfully challenged, is to be found in its consistency with the gravamen of the complaint. The action is for an accounting. The agreement of 2 September, 1942, outlines the rights of the parties in respect of the properties mentioned therein; and as to these, it may be controlling within the limits of its provisions. It is alleged in the amendment, however, that the so-called "adjacent" tract in Cleveland County was omitted therefrom by fraud of the defendant. This is admitted by the demurrer. The parties were not at arm's length at the time of the execution of the

agreement. *May v. Loomis,* 140 N. C., 350, 52 S. E., 728. An allegation of fraud against a fiduciary in an action for an accounting calls for an answer. *McNeill v. McNeill,* 223 N. C., 178, 25 S. E. (2d), 615; *Small v. Dorsett,* 223 N. C., 754, 28 S. E. (2d), 514; *Hinton v. West,* 207 N. C., 708, 178 S. E., 356.

To say that the amendment undertakes to join an action in tort with one on contract in the same complaint is to regard the proceeding strictly as an action at law rather than a suit in equity. Even so, they both arise out of the same transaction, or transactions "connected with the same subject of action." G. S., 1-123. Where such is the case, they may be joined in the same complaint. *Cheatham v. Bobbitt,* 118 N. C., 343, 24 S. E., 13; *Solomon v. Bates,* 118 N. C., 311, 24 S. E., 478, 54 Am. St. Rep., 725; McIntosh on Procedure, 433. Anyhow, herein lies the basis for the divergent views.

It appears to be a misconception of the theory of the complaint to assert that plaintiff has assumed mutually contradictory positions in respect of the same state of facts, or that she is seeking to affirm the contract in the complaint and to deny it in the amendment. This, of course, if true, would put the plaintiff to an election. *Lykes v. Grove,* 201 N. C., 254, 159 S. E., 360.

The substance of the amendment is, that Williams took advantage of his fiduciary position, acquired an "adjacent" tract through other sources, combined it with the limestone tracts and leased the three together; that he afterwards paid for the "adjacent" tract out of royalties from all three, then made a profit which he omitted to share equitably with Cole, and that the essential facts in respect of the matter were suppressed at the time of the execution of the agreement of 2 September, 1942. This too would seem to call for an answer. *Speight v. Trust Co.,* 209 N. C., 563, 183 S. E., 734; *Bryant v. Bryant,* 193 N. C., 372, 137 S. E., 188; *Smith v. Moore,* 149 N. C., 185, 62 S. E., 892. One who acts for another, or assumes the obligations of a fiduciary, is under the compulsion of fair play and good faith in respect of the interests of his principal or the confiding party. 25 C. J., 1119.

The demurrer was properly overruled.

Affirmed.