T. T. HYLTON, R. A. BLIZZARD AND J. J. BROWN v. THE TOWN OF MOUNT AIRY, N. C., W. F CARTER, MAYOR; D. C. BEAMER, WILLIAM MERRITT, WALTER POORE, JOHN FRANK, THOMAS JONES, COMMISSIONERS.

(Filed 17 September, 1947.)

**1. Appeal and Error § 40a—**

An exception to the signing of the judgment presents only the question whether the judgment is supported by the facts found by the court or those set out in the agreed statement of facts or admitted in the pleadings.

**2. Municipal Corporations § 25b—**

Where the facts agreed show that a street was received and accepted by a municipality upon its incorporation, without reference to the width of such street, and that the municipality had kept up and maintained same as a public street at a width of less than thirty feet, the facts are sufficient to support the conclusion of law by the court that the town had acquired the street, at least by prescription, and that therefore such street does not come within the provision of a subsequent amendment to the town's charter stipulating that streets thereafter opened and constructed within the town should not be less than thirty feet in width, and judgment of the court that plaintiffs are not entitled to restrain the municipality from improving said street by hard surfacing for a width of less than thirty feet, in accordance with the discretionary power given the municipal authorities as to streets acquired and established prior to the amendment, is affirmed.

**3. Pleadings § 22b—**

A motion to amend the complaint so as to substantially change the character of the cause at issue, especially in the Supreme Court on appeal, will not be allowed. G. S., 1-163.

APPEAL by plaintiffs from *Bobbitt, J.,* at July 1947 Term, of SURRY.

Civil action to restrain defendants from constructing "Mitchell Street less than thirty feet in width and with 5-foot sidewalks."

The pleadings, complaint and answer, present in substance admission of these facts:

1. That the defendants, mayor and commissioners of the town of Mount Airy, on 26 November, 1946, by resolution duly passed, caused

an election to be held in said town for the purpose of ascertaining the will of the qualified voters therein on the question of a proposed bond issue to raise funds with which, among other things, to grade and construct streets in said town,—at which election the bond issue was "voted by a large majority."

2. That Mitchell Street is one of the streets to be constructed from the funds derived from the sale of said bonds; that plaintiffs and others, a majority of the property owners representing a majority of the lineal feet on said street, presented a petition to the mayor and Board of Commissioners of the town requesting the construction of a hard surface on said street, without specifying the width of the street; and that the petition was accepted and a street of the width of 27 feet was ordered.

3. That the charter of the town of Mount Airy was amended in 1925, Private Laws 1925, Chapter 160, Section 50, providing "that all streets hereafter opened or constructed for the use of the public within the limits of the town . . . shall not be less than thirty (30) feet in width, and shall conform in location to the streets of the town already constructed . . . etc."

Plaintiffs allege and contend that their petition requested the construction of Mitchell Street "as is by law provided," and that a width of less than 30 feet for said street is violative of the said private act of 1925, and is illegal and will cause plaintiffs irreparable injury, and thereupon they pray injunctive relief.

Defendants, answering and denying relief sought by plaintiffs, aver: That Mitchell Street, then known as North South Street, was opened and constructed prior to 1910, and on 10 August, 1910, was accepted by the town of Mount Airy as a public street and so dedicated; that, hence, the said private act of 1925 above referred to has no application; and that from all records and information available the street is only 27 feet wide.

The parties, plaintiffs and defendants, through their respective attorneys, agreed upon statement of facts of the case, and agreed that same with the complaint and answer be submitted to the Honorable Wm. H. Bobbitt, Judge holding courts of the 21st Judicial District, to be heard and passed upon out of the district and out of term, and that judgment be rendered in the same manner. The facts agreed upon are substantially these:

(1) That the index of streets of the town of Mount Airy shows that on 2 August, 1910, the extension of South Street to Lebanon Street was received and in the acceptance of it by the town no reference was made to the width so far as can be ascertained from the records of said town.

(2) That the above North South Street is the same street that is now designated Mitchell Street.

(3) That since the opening of that street in August, 1910, the town has kept up and maintained same as a public street as it is now laid out, and of the widths hereinafter set forth, and it has been so used by the public.

(4) That the entrances of said street (a) from Orchard Street is 27.1 feet between the curbs, and (b) from Lebanon Street is 22.3 feet between the curbs, and these widths probably vary between Orchard and Lebanon Streets.

(5) That the following sections appear in the charter of the town of Mount Airy: (See Private Laws 1925, Chapter 160, Sections 49 and 50.)

"Section II. The Board of Commissioners . . . shall cause to be kept clean and in good repair the streets, sidewalks and alleys; may establish the width and ascertain the location of those already established, and lay out and open others and may widen or reduce the width of streets now established, or change any grades, the Board of Commissioners may deem it advisable, and without liability on the part of the Town to any abutting owner . . .

"Section III. That all streets hereafter opened or constructed for the use of the public within the limits of the town or within one mile of the corporate limits as then existing shall be not less than 30 feet in width and shall conform in location·to the streets of the Town already constructed, or as may be platted and mapped under the direction of the Board of Commissioners."

Thereafter, upon consideration of these facts and of the admissions in the pleadings, the judge being of opinion "that Mitchell Street in Mount Airy, North Carolina, at the location pertaining to this cause has been a public street since 1910, and as such is not affected by the provisions of Section III of the charter of the town of Mount Airy . . . and that the determination of the width of Mitchell Street is within the discretion and judgment of the Board of Commissioners of the town of Mount Airy, and that plaintiffs are not entitled to restrain the defendants from fixing the width of Mitchell Street at less than 30 feet, or from paving Mitchell at a width of less than 30 feet," adjudged that the temporary restraining order be dissolved, and dismissed the action.

Plaintiffs appeal therefrom and assign error.

*E. C. Bivens for plaintiffs, appellants.*
*A. B. Carter and Fred Folger for defendants, appellees.*

WINBORNE, J. The only exception presented in the assignment of error in the record on this appeal is to the signing of the judgment from which appeal is taken. Such an exception challenges only the conclusions of law upon the facts found by the court or upon which the parties

agree,—as in this case, the facts set out in the agreed statement and those admitted in the pleadings in accordance with the stipulations of the parties. *Vestal v. Machine Co.*, 219 N. C., 468, 14 S. E. (2d), 427; *Manning v. Ins. Co., ante,* 251. If the judgment be supported by the facts it will be affirmed. *Rader v. Coach Co.*, 225 N. C., 537, 35 S. E. (2d), 609. In the light of these principles, appellant fails to show error. It would seem that the conclusions of law reached by the court logically follow the facts to which the parties agree. Upon these facts the court could properly conclude as a matter of law that the town had acquired the street, at least by prescription. See *Boyden v. Achenbach,* 79 N. C., 539; *Wright v. Lake Waccamaw,* 200 N. C., 616, 158 S. E., 99, and cases cited.

Plaintiffs, the appellants, concede in their brief that the facts are as shown in the agreed statement of facts, but they say that the facts fail to show that the town of Mount Airy has acquired title to any part of Mitchell Street, or, if so, what part. This appears to be the basis of their contention that there is error in the judgment signed. However, they allege in their complaint that one of the streets to be constructed from the funds derived from the sale of the bonds is Mitchell Street. And the thing complained of is not that Mitchell Street is not a street, but that the Board of Commissioners propose to pave it of the width of 27 feet, and not of the width of 30 feet, in violation of law. Hence, they pray that the Mayor and Board of Commissioners of the town shall be restrained from constructing Mitchell Street "less than 30 feet in width, and with 5-foot sidewalks." This is the purpose of the action. And they have agreed in the statement of facts (1) that Mitchell Street is the same as North South Street, which was received by the town of Mount Airy on 2 August, 1910; (2) that in the acceptance of it by the town no reference was made to the width; (3) that since the opening of the street by the town in 1910, the town has kept up and maintained it as a public street and it has been so used by the public; and (4) that the width of the street is as stated in the agreed statement. Furthermore, plaintiffs themselves petitioned the town to pave the street. Summing up plaintiffs' position, it would seem that Mitchell Street is a street if it is to be paved 30 feet in width, but is not a street if it is to be paved 27 feet in width.

The provisions of the town's charter, Private Laws 1925, Chapter 160, Section 50, that streets "shall be not less than 30 feet in width" relate to streets thereafter opened and constructed for the use of the public within the town of Mount Airy and not to those then in use. Hence it is inapplicable here. Therefore, the court properly held that the determination of the width of Mitchell Street is within the discretion of the Board of Commissioners of the town. Indeed, the parties agree that the charter

of the Town of Mount Airy (Private Laws 1925, Chapter 160, Section 49) expressly authorizes the Board of Commissioners to establish the width and ascertain the location of those streets already established, and to widen or reduce the width of streets "now established," that is, established at time of enactment of the charter—1910.

Nevertheless, plaintiffs move in this Court to be permitted to amend their complaint so as to allege that the town of Mount Airy has no title to Mitchell Street, either by deed or otherwise, and that the defendants have no legal authority to expend thereon moneys belonging to the town of Mount Airy, and that the question of title to the property is a fact to be found by the jury. The motion is denied. The introduction of such amendment would substantially change the character of the cause at issue, and will not be permitted. G. S., 1-163. "It is well understood that except in proper instances a party to a suit should not be allowed to change his position with respect to a material matter in the course of litigation. . . . Especially is this so where the change of front is sought to be made between the trial and appellate courts." *Stacy, C. J.,* in *Ingram v. Power Co.,* 181 N. C., 359, 107 S. E., 209. See also *Roberts v. Grogan,* 222 N. C., 30, 21 S. E. (2d), 829.

The judgment below is

Affirmed.