The plaintiff sued the defendant for the recovery of a Chevrolet truck described in the complaint as a 1941 model, motor number AD1077937, serial number 9AK07-10368, one-half-ton capacity, and sued out claim and delivery. The defendant denied the allegation asserting plaintiff's right to recover, and claimed ownership in himself.
Plaintiff testified that he purchased a Chevrolet truck in Charlotte in 1940 and paid for it with his own money. That he had examined the papers and it was the truck therein described. Certificate of title to a Chevrolet truck of 1938 model, motor number K-1890184 was introduced by plaintiff, issued by the Motor Vehicles Bureau, October 7, 1939; and renewal thereof August 10, 1948.
Further evidence for the plaintiff is to the effect that he and the defendant are brothers. That he carried the truck home and let his brother Hugh drive it; that Hugh was to pay rent for it. Plaintiff was drafted into service soon thereafter, staying in C. C. Camp six months, then serving three years and 10 months in the army, coming back home in July, 1945. That Hugh admitted taking the car to Johnson City and swapping it for the car named in the complaint. That Hugh refused to surrender the car. That it was worth $250.00 in rent and that he had *Page 109 
never been paid anything. He admitted the title to the truck received in the swap was not in his name.
B. S. Baker testified that he was the father of the plaintiff and the defendant. He corroborated the plaintiff as to the purchase of the truck and the arrangement made with Hugh, testifying that during Lee's absence Hugh several times came to the house and paid sums of money for its use. He then came to the house and said Lee wanted him to go to Johnson City and swap it for a new truck, and asked for what money Lee had, and got from $75 to $100 of Lee's money. When other payments on the new truck had to be made Hugh came to the house from time to time and got money. The money was Lee's. Hugh said he was going to have the title made back to Lee — didn't know why he had them made in his own name.
Defendant, testifying, said that he and his brother were joint purchasers and joint owners of the truck. That Lee had turned over the old truck to him, saying that if he could pay for it, go ahead. He got an allowance of $227 and some cents for the truck. He said the money he brought to the house was not payment for rent, but his own money. The installments were likewise paid with his own money.
Mrs. Hugh Baker testified in corroboration of the defendant, and stated that Hugh often carried papers and money to the house for his mother to keep.
Plaintiff offered evidence in rebuttal.
After the evidence was in, the court, over defendant's objection, permitted plaintiff to amend his pleading, assert title to the car described in the complaint, being the one got by defendant in trade in Johnson City, by virtue of resulting or constructive trust, entitling plaintiff to pursue the money or his property so wrongfully invested, if it should be so established; and to conform the pleadings to the evidence. The defendant excepted.
On issues submitted to the jury the verdict was favorable to plaintiff. The defendant, having made formal motion to set aside the verdict, which was declined, objected and excepted to the ensuing verdict, and appealed.
The crux of this case lies in the permission given the plaintiff to amend his pleading to make it conform to the evidence. It may be noted that the defendant did not make any request for a mistrial or time to meet any new phase of the evidence with any testimony. The case reaches us on appeal without change of theory. *Page 110 
The amendment did not change the nature of the case or add a new cause of action. Since the evidence of plaintiff tended to show he was the equitable owner of a chattel in the hands of a trustee ex maleficio, and the action is possessory, it is a question whether the amendment was necessary at all to support recovery. Be that as it may, the court was well within its discretionary power under pertinent statute law, and the decisions of this Court in permitting the amendments, and committed no error in so doing. Dorsey v. Corbett, 190 N.C. 783, 130 S.E. 842; G.S. 1-163. In Moore v. Edmiston, 70 N.C. 510, 619, this section was interpreted as follows:
 "By a sweeping curative supplement to this most curative system of pleading, this section confers upon the court the power, both before and after judgment, to make almost any conceivable amendment so as to conform the pleadings to the facts proved."
Other objections to the trial do not disturb our conclusion that there is
No error.