CAROLINA POWER & LIGHT COMPANY v. WILLIAM MURPHY BOWMAN AND WIFE, BETTY B. BOWMAN, AND W. W. SNOW.

(Filed 14 December, 1949.)

**1. Pleadings § 23—**

The trial court has discretionary power to allow a party to amend his pleading after certification of the decision of the Supreme Court on appeal, to allege facts relied on as an estoppel, and the exercise of such discretion is not subject to review except for palpable abuse.

**2. Pleadings § 7—**

Defendants may interpose varying and contradictory defenses.

**3. Appeal and Error § 40f—**

The Supreme Court will reverse an order denying a motion to strike when the matter complained of is irrelevant and would tend to prejudice movant when read to the jury even though evidence in support thereof is not admitted at the trial; but in the absence of such prejudice the Supreme Court will not attempt to chart the course of the trial by passing upon the relevancy or effect of the averments, but will leave the matter to be determined by rulings upon the evidence offered in support of the allegations.

APPEAL by plaintiff from *Burney, J.,* May Term, 1949, ROBESON. Affirmed.

Civil action for injunctive relief, here on former appeal. *Light Co. v. Bowman,* 229 N.C. 682.

After the opinion of this Court on the former appeal was certified down, the court below, on motion of defendants, entered an order permitting defendants to file an amendment to their answer. Plaintiff excepted. Thereupon, defendants filed the proposed amendment in which they plead certain facts by way of estoppel. The plaintiff moved (1) to strike the amendment "for that the same is not amendatory of but is inconsistent with the original Answer and Amendments thereto, and for

that all matters alleged in said Amendment to the Complaint are *res adjudicata;"* and (2) to strike certain portions of paragraphs 11, 12, and 13 thereof for that the facts alleged are immaterial, redundant, and repetitious. The motion was denied and plaintiff appealed.

*A. Y. Arledge and Varser, McIntyre & Henry for plaintiff appellant.*
*McKinnon & McKinnon and Malcolm B. Seawell and McLean & Stacy for defendant appellees.*

BARNHILL, J. The exception to the order permitting defendants to amend their answer is without merit. Whether the amendment should be allowed rested within the sound discretion of the court below. G.S. 1-163; *Bank v. Sturgill,* 223 N.C. 825, 28 S.E. 2d 511; *Hughes v. Oliver,* 228 N.C. 680, 47 S.E. 2d 6; *Hatcher v. Williams,* 225 N.C. 112, 33 S.E. 2d 617. Its ruling thereon is not subject to review on appeal except for palpable abuse. *Gordon v. Gas Co.,* 178 N.C. 435, 100 S.E. 878; *Hogsed v. Pearlman,* 213 N.C. 240, 195 S.E. 789; *Osborne v. Canton,* 219 N.C. 139, 13 S.E. 2d 265; *Byers v. Byers,* 223 N.C. 85, 25 S.E. 2d 466; *Pharr v. Pharr,* 223 N.C. 115, 25 S.E. 2d 471. The defendants are not required to be consistent. They may interpose various and contradictory defenses. Nor has anything been adjudicated herein other than that, upon the evidence appearing in the record on the former appeal, the plaintiff is entitled to a peremptory instruction. *Light Co. v. Bowman,* 229 N.C. 682.

This Court will not at this time overrule the judgment of the court below in respect to particular allegations contained in the amendment. Plaintiff seeks, in effect, to have us say that the facts alleged are not sufficient to support the plea of estoppel and are therefore irrelevant and immaterial. But it is not our province to predetermine the competency of evidence or to chart the course of the trial in the court below. *Parker v. Duke University,* 230 N.C. 656, and cases cited; *Terry v. Coal Co., ante,* 103. Whether evidence of the facts alleged is competent in support of the plea must be determined, in the first instance, when and if it is tendered at the hearing. *Terry v. Coal Co., supra.* Its relevancy may best be determined at that time.

In an appeal from an interlocutory order which does not destroy, or impair, or seriously imperil some substantial right of the appellant, unless corrected before the trial, this Court, ordinarily, will not interfere with the order entered. *Privette v. Privette,* 230 N.C. 52. If a pleading contains impertinent matter, unrelated to the cause of action or defense and not competent to be shown in evidence which, when read to the jury, may well tend to prejudice the movant even though evidence thereof is not admitted, this Court will not hesitate to reverse an order denying a

motion to strike.  *Parlier v. Drum, ante,* 155 ; *Privette v. Privette, supra.* Otherwise, it is the better practice to leave the questions of relevancy and .competency of evidence to be ruled on by the trial judge while he has the whole matter before him.   He is then in the better position to appraise the relevancy of the testimony and determine its bearing on the case as a whole.

Here, if the additional averments constitute a rehash of the allegations already made, as plaintiff asserts, it is not hurt.   If they form the basis of a valid defense, the court below had the right, in its discretion, to afford the defendants an opportunity to interpose the plea.

We have purposely refrained from discussing the nature, force and effect of the allegations plaintiff seeks to have stricken in order to avoid possible prejudice to either party.   We will rule on the questions it seeks to raise when and if they are presented in orderly course after final judgment.

The judgment below is
Affirmed.