M. E. CASSTEVENS v. FRANK CASSTEVENS, LULA CASSTEVENS AND HUGHIE CASSTEVENS.

(Filed 22 March, 1950.)

**1. Appeal and Error § 6a—**

Agreement to the submission of an issue by a party does not preclude an objection to its submission by such party when the agreement relates to the submission of the issue as the measure of accrued damage, and the issue is used as the basis for the adjudication of defendants' liability to plaintiff for monthly payments *in futuro.*

**2. Deeds § 16c—**

Where defendants have covenanted in their deed to support grantor for the remainder of her life and to provide her with all necessary medical and hospital expenses and to provide proper burial upon her death, liability of defendants *in futuro* cannot be adjudicated in a fixed monthly sum.

**3. Pleadings § 22b—**

While wide latitude is given the trial court to permit amendment to the pleading to conform to the evidence, even after verdict, the allowance of an amendment after verdict in substantial disagreement with the evidence must be held for error. G.S., 1-163.

DEFENDANTS' appeal from *Rousseau, J.,* November Term, 1949, YADKIN Superior Court.

This action was brought for relief under the following circumstances:

The plaintiff and her husband, after living together for a long while, during which time nine children were born to them, fell into domestic

discord, the exact nature of which is not revealed in the record, and decided to separate.

Between them they owned nearly 350 acres of land in several parcels, of which 41.5 acres containing the "home" place belonged to the wife individually. It may be assumed from the record, which is not clear on this point, that the remaining land was owned by the husband individually, and the wife had in it only a dower interest.

There was no written separation agreement; but pursuant to a parol understanding they joined in a deed dated December 6, 1938, in which they conveyed all of the aforesaid lands, together with household and kitchen furniture, livestock, farm utensils and equipment, and other personalty, for the nominal sum of $100, upon the following conditions:

> "This deed is made on the special condition that the said Frank Casstevens, Hughie Casstevens, Jemima Casstevens and Lula Casstevens provide an adequate and comfortable living for said M. E. Casstevens during her lifetime according to her station in life and in the manner and form that she has always lived, and to provide for her all necessary medical attention, pay doctor's bills and any necessary hospitalization, and provide for her a suitable burial."

Casstevens, the husband, reserved "for his own individual use and ownership, one bed and bed clothing, one iron money safe, one one-horse plow, one hammer, one saw, 10 bushels of wheat and 25 bushels of corn."

The conveyance is by deed poll. There is no language in it qualifying the terms of the quoted condition or further bearing on the intent, or providing that the required support shall come out of the land or be a charge thereupon. There is a further condition, pertinent only by contrast, requiring the payment to Gilmer Casstevens of $800 within five years from the date of the deed, and providing that in case it is not paid in that time he "shall have a lien on said lands" until the amount "is fully paid."

J. W. Casstevens took the few items of personalty and went elsewhere to live. In due time he obtained a divorce, and, if living, is not a party to this action.

Jemima died in 1943 and her undivided interest in the land was sold under order of the court, Frank Casstevens becoming the purchaser.

After executing the deed the plaintiff "stayed on" at the home place until the year 1947.

Meantime, in 1944, by consent of plaintiff the lands had been divided and portions allotted to the living grantees respectively. Hughie's part was allotted on another part of the land, on which he went to live.

Frank Casstevens was away several years, part of the time with the father, coming back to the home place in 1945. During the time he was away Hughie Casstevens and Lula Casstevens, and Jemima, until her death, lived on the place and cared for the plaintiff. After Frank's return plaintiff lived with him until July, 1947, when trouble developing between the boys, she went to live with Hughie, where she resided at the institution and trial of this action.

On the hearing the plaintiff testified that Frank not only failed to provide for her as he was required to do by the deed, but that he made her very uncomfortable, refused to supply her with snuff, bought her no clothing, provided for her no medical attention, which she badly needed because of her age and rheumatic condition, and that Frank and Lula constantly made her life uncomfortable by "jawing" at her and other mistreatment; and that it was for this reason that she left the home and went to live with Hughie. She further testified that she was the victim of an assault by Frank with a tobacco stick while lying sick in bed. In the latter she was corroborated by the testimony of Hughie's wife, Lela, who said she witnessed the assault.

All this Frank denied, stating that he gave her every required attention, obtained credit for her at a nearby grocery store for anything she wanted; at numerous times after she went to live with Hughie, he begged her to return to the home, both personally and by messenger, which she would not do; that he had at various times sent her checks while she was at Hughie's, as well as snuff, "provisions," shoes and clothing; and testified that he was still ready, able and willing to do all required of him under the deed.

The plaintiff testified that she did receive some checks totaling a small amount from Statesville, which she used for medical expenses; received one pair of shoes which she never wore; that she received no snuff from Frank to her knowledge, and that she had been advised by her doctor not to return to the home place and live with Frank because of her age and diseases, since the incidents of living there might cause her to die. She further testified substantially that since she had been living with Hughie her needs had been adequately met, but that she could use more.

The cause was tried on the theory that the defendants were liable for a breach of contract for nonperformance of the condition in the deed requiring her support in the specified manner.

The following issues were submitted to the jury and answered as indicated:

1. "Have the defendants failed and neglected to comply with the conditions as to the support and maintenance of the plaintiff as set forth in the deed of December 6, 1938, as alleged in the complaint? Answer: Yes.

"2. What amount, if any, is the plaintiff entitled to recover of the defendants? Answer: $1,000.00.

"3. What is a reasonable monthly allowance for the support and maintenance of Mrs. M. E. Casstevens? Answer: $150.00."

Relating to the subject matter of the third issue, it appears in the record in pertinent findings of fact that the trial judge, after defendants' counsel had completed argument to the jury and plaintiff's counsel was nearing conclusion of the final address, notified defendants' counsel that he would allow plaintiff's counsel to amend her complaint so as to ask for $150 monthly allowance; (the complaint asked for $100). The record further shows:

"The Court in its discretion, after the jury had returned its verdict upon all of the issues, as appears in the record, again allows plaintiff's counsel to amend her complaint to comply with the answer to the third issue."

Defendants' counsel objected to the amendment, and was overruled. He then asked for time to answer the amendment and prepare a defense, which was declined, and he excepted.

Numerous exceptions made to the admission of evidence are omitted as not pertinent to the decision.

On the coming in of the verdict defendants moved to set it aside for errors of law committed on the trial. The motion was declined and defendants excepted. To the ensuing judgment on the verdict defendants objected, excepted and therefrom appealed.

*A. T. Grant and F. D. B. Harding for plaintiff, appellee.*
*Hall & Zachary for defendants, appellants.*

SEAWELL, J. The theory on which this case was tried and the history of its progress through the lower court challenges the ingenuity of the reviewing board in dealing with it, without, *ex mero motu,* raising questions of error or posing hurdles which litigants on both sides took in stride, or regarded as nonexistent. Some of the questions which might engage the attention of counsel and of the court on retrial may be: The nature of the estate conveyed by the deed as affected by the condition subsequent attached to it; the remedy which may be demanded by the plaintiff in case of nonperformance, either as co-grantor, or as beneficiary of the condition,—whether as upon covenant or for rescission; and whether, under the facts of the case as they may then develop and

applicable law, it would be competent for the trial court to make any sum recovered a lien upon the land.

A study of these problems, if it does not lead the parties to compose their differences, (rather than risk much and gain little), will at least give the courts an intelligent opportunity to do justice under law.

The case was tried in the lower court upon the theory that the plaintiff was entitled to recover, if at all, for the breach of contract for support made a condition in the deed, and that the damages might be assessed and recovered upon that principle; and that those damages might be fixed as a definite monthly sum to measure past breach, and future liability; and under the issues in the case the judgment was framed with reference to this fixed and invariable sum which, in the estimate of the testifying witnesses, might represent the obligation of the defendants throughout the period considered, past, present and future; and the award given by the jury on that principle both for past damage and prospective satisfaction of the terms of the contract was made a lien upon the land.

This Court is not in accord with all the principles applied, or with the theory of the case in general, but an attempt to chart the case on retrial in detail would make the Court a mere advisory board, and is not consonant with our practice.

Counsel for the appellee argues that the defendants put themselves out of court by suggesting and agreeing to the submission of the third issue, which appellee contends bears the gravamen of damages. That might be true except for the fact that the issue with its answer must have judicial interpretation to apply to the facts of the case; and appellants contend that the interpretation was erroneous since the court made it to apply as a measure of future obligations of the defendants; and cover this with an exception.

Upon the facts of this case the objection was properly made and must be sustained. As applied the inflexible measure rests upon a highly speculative basis and is unfair to both litigants, but more so to the defendants, and the defendants did not waive any right to object to it. To define the needs of the plaintiff either in comfortable support, or especially in medical attention for her during her remaining declining years would require a prescience that cannot be attributed to any witness, even if it could be included in a suit based upon breach of contract for nonperformance of the condition; and we repeat that we do not pass upon the propriety of that remedy.

However, respecting this third issue and the subject that it covers, the defendants objected to an amendment made by the court after verdict. For the circumstances attending it we refer to the above statement from the record.

The pertinent statute, G.S. 1-163, is very liberal in allowing amendments, even after the verdict by the jury, "by conforming the pleading or proceeding to the fact proved." The amendment here is in substantial disagreement with the evidence as to the very subject of the inquiry, and the circumstances under which it was allowed do not bring it within the purview of the statute. Its allowance, therefore, must be held for error. It is not necessary to advert to other exceptions.

For the errors noted the defendants are entitled to a new trial. It is so ordered. *Venire de novo.*

Error. New trial.