### H. L. PERKINS ET AL. v. B. L. LANGDON.

(Filed 28 February, 1951.)

**1. Pleadings § 22b—**

The power to permit amendments under G.S. 1-163 is divided into two categories : first, amendments before trial or during trial when the adverse party is given opportunity to investigate and rebut any new matter, in which case the court may allow the insertion of allegations "material to the case," and second, amendments offered during or after trial, in which case the power to allow amendments is limited to those making the allegations conform to the evidence and does not extend to those bringing in a new cause of action or changing substantially the form of action originally sued on.

**2. Same—**

The power of the court to allow amendments "material to the case" is a broad and discretionary power, and the phrase should be construed in connection with G.S. 1-123 so as to permit amendments relating to the cause alleged and to causes of action arising out of the same transaction or transactions dealing with the same subject of action, subject to the limitations that a wholly different cause of action may not be set up by amendment and that inconsistent causes of action may not be joined. In regard to a related new cause of action set up by amendment, the statute of limitations operates as of the time of the amendment and not the institution of the action.

**3. Same—**

In an action by a tenant against his landlord for selling the leased premises during the term to the tenant's damage, the court may permit an amendment that the landlord covenanted not to sell the premises during the term of the lease and that he breached the covenant by selling during the term to a *bona fide* purchaser, since the allegations of the amendment are relevant and germane to the subject of the action set out in the complaint.

**4. Same—**

In an action by a tenant against his landlord for selling the leased premises during the term to the tenant's damage, the court has no power to permit an amendment alleging that the parties were engaged in a joint

adventure in the operation of the premises, since the new matter alleges a wholly different cause of action arising from a different and distinct legal relationship, and further such cause based upon obligations arising from the relation of joint adventurers is inconsistent with and contradictory to the original cause based upon the relationship of landlord and tenant.

APPEAL by defendant from *Carr, Resident Judge,* in Chambers, 30 May, 1950. From ALAMANCE. Modified and affirmed.

Civil action to recover damages for alleged breach of contract, heard on motion to strike allegations of amended complaint.

This case was tried first at the regular May Civil Term, 1949, of the Superior Court of Alamance. From a verdict and judgment in favor of the plaintiffs, the defendant appealed and in this Court demurred *ore tenus* to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. By decision reported in 231 N.C. 386, 57 S.E. 2d 407, the Court sustained the demurrer *ore tenus,* set aside the judgment below, and remanded the cause to the Superior Court, where the plaintiffs were given leave to amend their pleadings. Thereafter the plaintiffs filed an amendment and in apt time the defendant moved to strike certain allegations thereof as being "irrelevant, inconsistent and in conflict with, and repugnant to, the former pleadings of the plaintiffs and the record herein."

The amendment to the complaint is as follows, with the allegations which are sought to be stricken being set out in italics:

"The plaintiffs, by leave of the Court first obtained, filed this amendment to their pleadings herein.

"1. That prior to July 15, 1947, the plaintiffs and the defendant entered into a contract and agreement for the *operation* of the two tobacco warehouses owned by the defendant for the tobacco market seasons of 1947, 1948 and 1949; that the defendant agreed to furnish said warehouses and the necessary equipment, consisting of tobacco baskets, trucks and scales, *and to assist the plaintiffs in the solicitation of patronage and with any information possessed by him which would be valuable or helpful in the successful operation of said warehouses;* that the plaintiffs, as experienced and skillful warehousemen, were to operate the said warehouses *as managers,* finance the operations and pay to the defendant as *his share of the proceeds from said operations,* the amount set forth in the original complaint herein and to be responsible, as in the original complaint alleged, to the defendant for the loss and damage of personal property furnished by the defendant. That it was understood and agreed between the parties that said contract was to remain in force and effect for the three tobacco market seasons, as aforesaid, *and during said term, the defendant would retain ownership of the warehouses and equipment therein and not sell the same.* That on or about July 15, 1947, a written

memorial of said agreement was drafted by the defendant's attorney, *but said memorial did not contain the entire verbal agreement theretofore made by the plaintiffs and defendant.*

"2. That upon the presentation of the said written memorial to the defendant, he demanded that the prior oral agreement between the parties be amended so as to permit him to sell the warehouses, at his election, at any time after the first market season of 1947. The plaintiffs refused to amend or change their oral agreement as requested by the defendant and retained possession of the warehouses and the personal property of the defendant located therein and operated the same in compliance with the *aforesaid* contract between them and the defendant for the market season of 1947, and upon the expiration of one week after the official closing of the Fayetteville tobacco market for the season of 1947, they surrendered possession of said warehouses and personal property to the defendant in accordance with the terms of said contract with him. That thereafter, on or about the 14th day of January 1948, while the plaintiffs were not in possession, in accordance with the terms of the contract, the defendant, in violation of said contract, conveyed said warehouses and the personal property constituting the equipment thereof, and embraced in said contract with the plaintiffs, by warranty deed to R. H. Barber and wife and P. L. Campbell and wife, and surrendered immediate possession of all of said property to said purchasers. *That the defendant violated his contract with the plaintiffs that he would retain ownership of said warehouses and personal property and would not sell the same during the three year term of said contract by selling said property as herein alleged.* That the plaintiffs are advised, informed and allege that the said purchasers had no notice of the existence of the aforesaid contract between the plaintiffs and the defendant for the use and occupancy of said warehouses and the equipment therein, and that they purchased said warehouses for value, in good faith, and without notice of said contract and have at all times since said purchase retained the possession thereof.

"WHEREFORE, the plaintiffs renew their prayers for relief as set forth in their complaint and amended complaint heretofore filed."

The court below, hearing the motion by consent, declined to strike any part of the challenged allegations, and from the order denying the motion the defendant excepted and appealed.

*Brooks, McLendon, Brim & Holderness and James R. Nance for plaintiffs, appellees.*

*Robert H. Dye and Cooper, Sanders & Holt for defendant, appellant.*

JOHNSON, J. The pertinent allegations of the plaintiffs' complaint are succinctly summarized by *Denny, J.*, in stating the facts in connection

with the opinion in the decision on the former appeal.   231 N.C. 386, 57 S.E. 2d 407.   There, it appears that the plaintiffs originally set up and declared upon a parol contract by the terms of which they alleged the defendant agreed to lease to them two tobacco sales warehouses in the city of Fayetteville for a term of three years.   The plaintiffs further alleged that the defendant breached the contract by selling the warehouses after the end of the first year.   However, the complaint was silent on the question as to whether the defendant covenanted with the plaintiffs that he would not sell the warehouses during the term of the lease. Therefore, since a sale of leased property, in the absence of a stipulation against alienation, does not *ipso facto* work a breach of contract, the defendant's demurrer *ore tenus,* lodged in this Court, was sustained.

When the case went back to the court below, the plaintiffs, under leave there granted, amended their complaint.   An analysis of the amended pleading discloses that the amendments allowed below fall into two classes : first, allegations in effect that (a) the defendant covenanted not to sell the warehouse properties during the three-year term of the lease, and (b) that the defendant breached his covenant against sale by selling the properties after the end of the first year to a *bona fide* purchaser; second, allegations to the effect that the original contract between the plaintiffs and the defendant provided for the operation of the warehouses under a joint adventure arrangement between the parties, whereby the plaintiffs "as managers" were to operate the warehouses for the joint account of the plaintiffs and the defendant for a period of three years.

The amendments in both of the foregoing classes are challenged by the defendant's motion to strike.   Therefore the defendant's appeal presents this question for decision : Are the amendments to the complaint relevant and material to the case, within the meaning of the statute and decisions prescribing and interpreting the rules under which pleadings may be amended in cases like this one?

G.S. 1-163 is the statute which fixes the scope of the court's power in allowing amendments.   It provides in pertinent part as follows: "The judge or court may, before and after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading . . . by inserting other allegations material to the case; or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the fact proved. . . ."

An analysis of this statute lends support to the view that the scope of the court's power to allow amendments is broader when dealing with amendments proposed before trial than during or after trial.   The statute contains alternate provisions: the court "may, before and after judgment, . . . amend any pleading, . . . by inserting other allegations material to the case; *or* when the amendment does not change substan-

tially the claim . . . by conforming the pleading or proceeding to the fact proved." It would seem that a fair interpretation of the alternate provision, *"or when the amendment does not change substantially the claim . . . by conforming the pleading or proceeding to the fact proved,"* is referable to amendments offered during or after trial for the purpose of conforming the pleadings to the facts proffered or admitted in evidence. The power to grant such tardily proposed amendments necessarily should be and is more restricted in scope than is the power to allow amendments offered prior to trial under circumstances which afford the other litigant ample opportunity to investigate and answer the new matter set up. 41 Am. Jur., Pleading, section 296, top p. 495. The portion of the statute dealing with the power to allow these delayed amendments by its very language excludes amendatory allegations which are calculated to "change substantially the claim" sued on. This language of the statute is clear. Ordinarily it calls for literal interpretation and application, so as to exclude proffered amendments which would either bring in a new cause of action or change substantially the form of the action originally sued on.

The other part of the statute confers upon the court the power to *"amend any pleading . . . by inserting other allegations material to the case."* We interpret this portion of the statute as being intended to regulate the allowance of amendments before trial (or during trial under circumstances affording the adverse litigant fair opportunity to investigate and rebut any new matters brought in by way of amendment, even to the extent, if needs be, of granting a continuance for the term). This section of the statute confers upon the court broad, sweeping discretionary powers of amendment. The language of this part of the statute gives the court the power to insert other allegations *"material to the case."* Here, the word *"case"* should be construed ordinarily in its broader, more comprehensive sense, as embracing the relevant facts arising out of or connected with the transactions forming the subject of action declared upon in the complaint. It would seem that this phase of the statute is necessarily referable to and should be construed and applied, in the exercise of a sound judicial discretion, in connection with the provisions of G.S. 1-123, which prescribes the rules under which several causes of action may be united in the same complaint, and which permits a plaintiff, as a matter of right, to unite in the original complaint "several causes of action, of legal or equitable nature, or both, where they all arise out of . . . the same transaction, or transaction connected with the same subject of action." (See also another related statute, G.S. 1-164.)

The foregoing dual aspect of the statute under consideration (G.S. 1-163) is recognized in a number of our more discriminating decisions. *Nassaney v. Culler,* 224 N.C. 323, 30 S.E. 2d 226; *Hatcher v. Williams,*

225 N.C. 112, p. 114, 33 S.E. 2d 617; *Capps v. R. R.,* 183 N.C. 181, 111 S.E. 533, and cases cited therein; *Bank v. Sturgill,* 223 N.C. 825, 28 S.E. 2d 511. See also *Hylton v. Mount Airy,* 227 N.C. 622, 44 S.E. 2d 51. The foregoing general principles also seem to be in accord with better reasoned authorities from other code jurisdictions. See 41 Am. Jur., Pleading, sections 296, 297, 304, 305, 306, 308, 309, and 310.

It is observed that the powers of amendment conferred by this statute (G.S. 1-163) are by its very terms left to be exercised in the discretion of the court. Therefore no inflexible rule applicable to all cases can be laid down. Necessarily each case must to some extent be decided upon its particular facts. However, the power of the court to allow amendments is subject to recognized limitations, among which are these:

(1) A litigant may not set up by amendment a wholly different cause of action, *i.e.,* one which does not arise out of or connect itself in a material aspect with the transaction set out in the original complaint. *Nassaney v. Culler, supra.* In 41 Am. Jur., Pleading, section 308, bot. p. 503 and top p. 504, it is said that "the test is whether an attempt is made to state facts which give rise to a wholly distinct and different legal obligation against the defendant, or set up another cause of controversy . . . A test generally laid down for a departure is whether proof of the existence of additional facts will be required."

(2) Inconsistent causes of action may not be joined in the same complaint. *Lykes v. Grove,* 201 N.C. 254, 159 S.E. 360; *Hatcher v. Williams, supra.* This rule is amplified and explained in 1 Am. Jur., Actions, section 83, p. 469, as follows: "Causes of action which are in their nature incongruous or inconsistent cannot be united in the same petition, even though they arise out of the same transaction or out of transactions connected with the same subject of action. Causes of action are inconsistent with each other when they cannot stand together; when, if one is true, the other cannot be; or when one defeats the other."

(3) Where a related "new cause of action may be introduced by way of amendment to the original pleadings, . . . the established limitation on the operation of its relation to the commencement of the suit is that if the amendment introduce a new matter, or a cause of action different from the one first propounded, and with respect to which the statute of limitations would then operate as a bar, such defense or plea will have the same force and effect as if the amendment were a new and independent suit." *Stacy, J.* (now *C. J.*) in *Capps v. R. R., supra.* See also 34 Am. Jur., Limitation of Actions, section 260, p. 212.

In the light of the foregoing principles, we now examine the amendments allowed in the instant case:

First, as to the allegations to the effect that (a) the defendant covenanted not to sell the warehouse properties during the term of the lease,

and (b) that he breached the covenant by selling after the end of the first year to a *bona fide* purchaser. These allegations appear to be material to the case. They merely amplify the cause of action originally declared upon; they are relevant and germane to the subject of action set out in the complaint. These allegations are consistent "with the gravamen of the complaint." *Hatcher v. Williams, supra; Davis v. Rhodes,* 231 N.C. 71, 56 S. E. 2d 43; *Baker v. Baker,* 230 N.C. 108, 52 S.E. 2d 20; *Ely v. Early,* 94 N.C. 1; *Nassaney v. Culler, supra.*

Second, as to the amendments to the effect that the original contract between the parties provided for the "operation" of the warehouses under a joint adventure arrangement between them, whereby the plaintiffs "as managers" were to operate the warehouses for the joint account of the parties for a period of three years. These allegations appear to bring into the case a wholly different cause of action. True, the new matter is connected in a sense with the original subject of action, but only remotely so, and not in a material or relevant sort of way. The establishment of these allegations would require the proof of additional facts and give rise to a wholly distinct and different legal obligation against the defendant. This will not do. *Cooper v. R. R.,* 165 N.C. 578, 81 S.E. 761; 41 Am. Jur., Pleading, section 308; *Casstevens v. Casstevens,* 231 N.C. 572, 58 S.E. 2d 368; *Clevenger v. Grover,* 212 N.C. 13, 193 S.E. 12; *Jones v. Vanstory,* 200 N.C. 582, 157 S.E. 867. Moreover, the joint adventure allegations bring into the case a contradictory cause of action,—one that is inconsistent with the cause declared upon in the complaint. The allegations of the complaint seek to establish the relation of landlord and tenant as the basis of recovery. By these amendments, the plaintiffs are endeavoring to set up the alternate relation of joint adventurers. If the one is true, the other cannot be. These allegations should be stricken. *Lykes v. Grove, supra; Clark v. Lumber Co.,* 158 N.C. 139, 73 S.E. 793; 1 Am. Jur., Actions, section 83.

Decision here will be effectuated by modifying the order below so as to allow paragraphs (a), (b), (c), (d), and (g) of the motion to strike, and by striking:

(a) the word "operation";

(b) the term "and to assist the plaintiffs in the solicitation of patronage and with any information possessed by him which would be valuable or helpful in the successful operation of said warehouses";

(c) the term "as manager";

(d) the term "his share of the proceeds from said operations";

(g) the word "aforesaid."

And subject to these modifications, the order below is affirmed.

Modified and affirmed.